No. 30,559.

In re Application of Van Garner for a Writ of Habeas Corpus.

No. 30,561.

In re Application of Harry McVay, alias Harry B. Smith, for a Writ of Habeas Corpus.

No. 30,564.

In re Application of Frank Vance Underhill, for a Writ of Habeas Corpus.

(5 P. 2d 821.)

Opinion filed December 12, 1931.

*Clarence R. Sowers,* of Wichita, for petitioners Van Garner and Harry McVay alias Harry B. Smith.

*Clarence R. Sowers* and *Ben B. Anderson,* both of Wichita, for petitioner Frank Vance Underhill.

*George L. Adams,* county attorney, of Wichita, for the state.

The opinion of the court was delivered by

Dawson, J.: The petitioners in these proceedings are defendants in criminal cases, held in custody by the sheriff of Sedgwick county awaiting their trials, and they seek their liberty by habeas corpus.

In case No. 30,559 Van Garner was arrested on June 10, 1931, on a warrant charging him with the crime of murder committed on May 25, 1931. He was brought before the city court of Wichita, and his preliminary examination was set for June 18. On that date he appeared with counsel; he was given a hearing and bound over for trial at the first day of the next term of the district court. His bond was fixed at $4,000, but he did not or could not give bond and went to

jail. On September 12 the information formally charging him with murder was filed.

The term of court in which the information was filed and during which the petitioner was arrested and held in custody for want of bail began on April 6 and ended on October 4.

On October 5, at the opening of the next term of court, petitioner was brought before the district court to plead to the information. He stood mute; and a plea of not guilty was entered in his behalf. The same day he filed a motion for his discharge. This motion was denied and his trial set for November 24, 1931.

In case No. 30,561, McVay alias Smith, petitioner, the legal question is practically similar to that raised in Van Garner's case. Mc-Vay was arrested on August 26, 1931, for the crime of attempt to rape. His bond was fixed at $1,000, which he failed to give and consequently he has been held in custody pending his trial, which was set for November 25.

In case No. 30,564 the petitioner Underhill was arrested on August 7, 1931, on a charge of murder committed three days previously. His preliminary examination was set for August 21; it was then waived, and he was bound over under bond of $15,000 for his appearance on the first day of the next term of the district court. Failing to give the prescribed bond, he, too, like the other petitioners, has been held in custody of the sheriff.

On the first day of the new term, October 5, 1931, on arraignment he stood mute; a plea of not guilty was entered for him; his motion for a discharge was denied and his trial set for November 25.

Allegations common to all three petitions for discharge by habeas corpus are that the petitioners were at all times represented by counsel; that neither of them asked for a continuance until the next term of court; that neither of them asked that his cause be set for trial during the term in which he was arrested and held in custody and during which the information was filed against him; and that the court did not make any order continuing the petitioners' trials until the next term for cause.

It is upon the facts above narrated, whose accuracy is conceded by counsel for the state, that the petitioners base their applications for release by habeas corpus. They cite a provision of the criminal code which reads:

"All indictments and informations shall be tried at the first term at which the defendant appears, unless the same be continued for cause. If the defendant appear or is in custody at the term at which the indictment or infor-

mation is found, such indictment or information shall be tried at that term, unless continued for cause." (R. S. 62-1301.)

Under the facts set forth above and under the statute just quoted, these petitioners were entitled to have their trials at the term which began on April 6 and ended on October 4, 1931, unless continued for cause. (*State v. Asbell*, 57 Kan. 398, syl. ¶ 5, 46 Pac. 770.) The informations against them were filed during that term; they were in custody; they did not ask for a continuance, and no order continuing their trials for cause was made by the district court.

But it does not follow that the petitioners are to go scot-free without answering to justice for their alleged crimes because the provision of the crime code intended to secure them a speedy trial was not complied with. Ever since their arrest these petitioners were represented by counsel. They did not ask for a speedy trial. They were quite content to let the term go by without calling the court's attention to their statutory right of trial at that term, there being no order of continuance for cause. Without doubt the want of a court order for such continuance was a mere oversight. During all the time petitioners were in jail in default of bond they were represented by counsel, and if petitioners were desirous of a speedy trial the very least their counsel should have done was to ask that their clients' statutory rights be not overlooked, and that their cases be set down for trial during the term. These proceedings in habeas corpus being an invocation of our original jurisdiction where we are privileged to draw our own inferences of fact from the record, we are strongly persuaded that these petitioners had not the slightest desire to be tried during the term, but merely indulged the hope that the district court would fail to order their trials continued for cause and that such a "slip" on the part of the court would enable them to escape trial altogether.

In *State v. Dewey*, 73 Kan. 739, 88 Pac. 881, the consequence of a failure on the part of the state to bring to trial defendants held to bail on a criminal charge before the end of the third term of the court after the filing of the information was considered, and the defendants were held entitled to their discharge. But that ruling was inescapable because the statute (R. S. 62-1432) so declared. No such consequence is declared for a breach of the statute relied upon by the petitioners herein, and it would never do to make a judicial declaration to that effect in the absence of statute.

The applications herein for writs of habeas corpus are denied.