No. 46,575

STATE OF KANSAS, *Appellee*, v. FRANCIS SANDERS, *Appellant*.

(495 P. 2d 1023)

Opinion filed April 8, 1972.

*Philip L. Sieve*, of Kansas City, argued the cause and was on the brief for the appellant.

*Nick A. Tomasic*, Chief Deputy County Attorney, argued the cause, and *Vern Miller*, Attorney General, and *Frank D. Menghini*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: The defendant appeals from an order of the trial court overruling his motion for a discharge and from a judgment and sentence in a criminal action.

After a preliminary hearing, defendant was bound over to district court in Wyandotte County and on September 15, 1970, was arraigned in the Wyandotte County District Court to a charge of armed robbery, at which time he plead not guilty. The incident from which the charge arose occurred on July 19, 1970. The new criminal code (K. S. A. 1971 Supp. 22-2101, *et seq.*) became effective on July 1, 1970; hence, there is no question that the new criminal code controls the issue in this case. The defendant was tried to a jury on January 20, 1971, and on January 22, 1971, was found guilty and sentenced.

Prior to the calling of the jury on January 20, 1971, counsel for the defendant moved the court for a discharge of the defendant and said:

".  .  . At this time the defendant would like for the Court to consider a motion to dismiss this man upon the grounds that K. S. A. 22-3401 and 22-3402 have not been complied with, and that there has been a violation of these sections.

"The Court is aware of these sections. Specifically, I am referring to K. S. A. 22-3402, subsection (1), wherein it is required that a defendant, while being incarcerated pending trial on the matter, must be tried within

ninety days from the date of arraignment. This man was arraigned on September 15, 1970. It is now January 20, 1971. This clearly exceeds the ninety-day period. Now, there was a hearing held on December 28, 1970, in order to grant a continuance to the State to try this man. It was heard by Judge Burns in Division Two, and a continuance for a period of thirty days was granted at that time. It is the defendant's position that even at that time the ninety-day period had run, at the time of the hearing, which was December 28th of 1970, and therefore, the application for continuance was not timely when it was heard by the Court—and once again referring to K. S. A. 22-3402, subsection (3), wherein it is stated the various reasons which are to be stated, or are grounds for a continuance of the time period stated within the statutes. Subsection (a) states—well, I won't enumerate them, the Court is aware of them, but there are four reasons stated therein, and none of these reasons were even heard by the Court for reason to continue this matter. Therefore, I would at this time move for a discharge, based upon the oral argument."

In addition to the requirement of Section 10 of the Bills of Rights of the Kansas Constitution that an accused shall be allowed a speedy trial, K. S. A. 1971 Supp. 22-3402 (effective July 1, 1970) provides:

"(1) If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within ninety days after his arraignment on the charge, he shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3).

.  .  .  .  .  .  .  .  .  .  .  .  .  .

"(3) The time for trial may be extended beyond the limitations of subsections (1) and (2) of this section for any of the following reasons:

"(a) The defendant is incompetent to stand trial;

"(b) A proceeding to determine the defendant's competency to stand trial is pending and a determination thereof may not be completed within the time limitations fixed for trial by this section;

"(c) There is material evidence which is unavailable; that reasonable efforts have been made to procure such evidence; and that there are reasonable grounds to believe that such evidence can be obtained and trial commenced within the next succeeding ninety days. Not more than one continuance may be granted the state on this ground, unless for good cause shown, where the original continuance was for less than ninety days, and the trial is commenced within one hundred twenty days from the original trial date;

"(d) Because of other cases pending for trial, the court does not have sufficient time to commence the trial of the case within the time fixed for trial by this section. Not more than one continuance of not more than thirty days may be ordered upon this ground.

"(4) In the event a mistrial is declared or a conviction is reversed on appeal to the supreme court, the time limitations provided for herein shall com-

mence to run from the date the mistrial is declared or the date the mandate of the supreme court is filed in the district court."

It is apparent that the purpose of this statute is to implement the constitutional guarantee of a speedy trial. It should also be noted that the period of time in which to bring an accused to trial has been shortened and the period of time is expressed in days after arraignment rather than court terms after the filing of the information or indictment as provided in prior statutes. See K. S. A. 62-1301, 62-1431, 62-1432, and 62-1433 (repealed L. 1970, Ch. 129).

The defendant had been held in jail since his arrest and the State did not bring him to trial within the ninety days after his arraignment, the ninety days expiring on December 15, 1970. In order to avoid the mandate of the statute the State seeks to excuse the delay under the proviso "unless the delay shall happen as a result of the application or fault of the defendant or a continuance shall be ordered by the court under subsection (3)."

The record fails to disclose any order of the court continuing the trial of the defendant until December 28, 1970, some thirteen days after the ninety-day period had elapsed. In view of this, the State must rely on and claim the delay was a "result of the application or fault of the defendant."

The State argues the case was set for trial on two occasions within the ninety-day period and the failure to bring the defendant to trial did not result from any failure to act on the part of the State. The State also claims the delay was the fault of the defendant because he failed to request a trial within the ninety-day period. Each of these arguments has been considered and denied by the decisions of this court.

It was said in *In re Trull*, 133 Kan. 165, 298 Pac. 775:

"It is generally held that the statutes supplement the constitution and are to be regarded as rendering the constitutional guaranty effective and constitute a legislative definition of what is, under the circumstances named, a reasonable and proper delay in bringing an accused to trial." (p. 167.)

In *State v. Goetz*, 187 Kan. 117, 353 P. 2d 816, we said:

"Section 10 of our bill of rights declares that in all prosecutions the accused shall have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed. In construing the constitutional provisions we said in *State v. Hess*, 180 Kan. 472, 474, 304 P. 2d 474, that this is not the grant of a mere privilege; it is the grant to an accused person of a right of which he cannot be deprived by the laches of public officers. In *State v. Brockelman*, 173 Kan. 469, 249 P. 2d 692, we noted that the right to a speedy

trial has been zealously guarded by the English people since the signing of the Magna Charta. It is written into the constitution of the United States and has been adopted in the bill of rights of this state. A right so sacredly guarded cannot be lightly ignored. The provisions of section 10 are a directive to prosecuting officers to act and not delay the prosecution of persons charged with criminal offenses (*In re Trull*, 133 Kan. 165, 169, 298 Pac. 775)." (p. 119.)

In *State v. Williams*, 187 Kan. 629, 360 P. 2d 11, we said:

"In the face of the foregoing facts, mindful of rules that the defendant need not take any affirmative action to bring this case to trial, that the whole responsibility of seeing to it that an accused is given a speedy trial rests upon the prosecution, not the accused, and that the right guaranteed by Section 10 of our Bill of Rights is not the grant of a mere privilege, but a right of which he cannot be deprived by the laches of public officers (*In re Trull*, supra, 165, 168, 169; *State v. Hess*, supra, 474, 478; *State v. Coover*, supra, 179, 182; *State v. Goetz*, supra, 119), we see no reason why the defendant in this case could not have been given a trial by jury, following the overruling of the foregoing motion to discharge, during the May, 1959, term of the district court of Johnson County. . . ." (p. 635.)

In *State v. Ingram*, 199 Kan. 16, 427 P. 2d 500, and in *In re Garner*, 134 Kan. 410, 5 P. 2d 821, we refused to discharge a defendant and gave significance to the failure of the defendant to request a trial, along with other facts. The obligation to bring a defendant to trial within the time provided by statute is on the State, and the defendant is not required to take any affirmative action. (*State v. Williams*, supra.) We disapprove any statements we made in *Ingram* and *Garner* that a defendant charged with a crime must request a trial before he is entitled to his constitutional guarantee of a speedy trial.

The State claims the defendant admitted a continuance was granted as a result of action of his counsel, and quotes a statement of defendant made immediately prior to the trial on January 20, 1971. The defendant said:

"Well, when you were first assigned to my case, we discussed the other matter and you, yourself, put the trial aside then and postponed it."

The record discloses this statement was made to defendant's counsel. Since the court's docket discloses no request by defendant's counsel for a continuance, the statement had to be based on what counsel told the defendant. Regardless of defendant's understanding, and regardless of whether or not defendant correctly recalled counsel's words, we find the record of the proceedings is controlling.

It follows that defendant should be discharged in accordance with the directions of K. S. A. 1971 Supp. 22-3402.

Reversed.

KAUL, J. (dissenting): I agree with the court's disposition of the state's claim that the delay was caused by defendant's failure to request a trial within the statutory ninety-day period. However, this does not fully resolve the question whether the delay in bringing defendant to trial was contributed to or caused by the fault of defendant.

The record discloses that following the arguments of counsel on defendant's motion for discharge, prior to trial on January 20, 1971, the trial court ruled as follows:

"THE COURT: Dan, I am going to overrule your motion. This case would have been tried in November, except that there was some kind of a falling-out between this man and his then lawyer, Mr. Mermigis. I don't know exactly what has happened since then. I'm not going to sustain your motion; I do respectfully overrule you. You have made your record and preserved your point."

Defendant's counsel at this point was Mr. Daniel B. Denk who had been appointed counsel for defendant following a second pretrial conference on November 2, 1970, which was called at the instigation of defendant since he and his previously retained counsel had apparently had a parting of the ways. As a result defendant's trial, which had been set for the week of November 16, 1970, was continued.

While the trial court fails to state with any specificity the reason for overruling defendant's motion for discharge on January 20, 1971, the tenor of the court's ruling indicates the reason to have been a finding by the court that the delay was caused by fault of the defendant as provided in paragraph (1) of K. S. A. 1971 Supp. 22-3402.

The posture of the case as it is presented on appeal requires this court to construe the trial court's ruling to be other than a finding of fault on defendant's part or to reject the trial court's finding and make its own finding on appeal that the delay was not caused by the fault of defendant.

Due to the state of this record I would remand the case with directions that the trial court explicitly determine whether the delay was caused by the fault of defendant, stating the facts upon which such finding is based or in the alternative discharge the defendant.

FONTRON and FROMME, JJ., join in the foregoing dissent.