No. 46,763

State of Kansas, *Appellee*, v. Darrell D. Higby, *Appellant*.

(502 P. 2d 740)

Opinion filed November 4, 1972.

*Robert W. Hedrick*, of Leavenworth, argued the cause and was on the brief for the appellant.

*James R. Fetters*, county attorney, argued the cause, and *Vern Miller*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: The single issue in this appeal is whether the defendant-appellant was afforded speedy trial.

A scanty record on appeal supplied by the litigants raises many questions as to just what occurred at the trial level, as a consequence of which we have procured from the clerk of the district court the original court file together with copies of the clerk's appearance docket and of the district judge's trial docket.

Our canvass of all the foregoing reveals the following:

By information filed in the trial court October 27, 1970, appellant Darrell D. Higby was charged jointly with three others with the offenses of burglary and theft of property of a value of more than fifty dollars allegedly committed on or about July 8, 1970. Appellant

filed his appearance bond November 5, 1970. He was arraigned December 10, 1970. On March 5, 1971, appellant filed four motions, variously entitled: Motion For Bill of Particulars, Motion For Discovery, Inspection, Copying or Photographing, Motion To Strike Jury Panel, and Motion For Production of Evidence Favorable to the Accused. The next event revealed by the record is the filing by appellant on April 8, 1971, of an instrument entitled Motion to Specify Time. In this motion appellant recited that on March 22, 1971, the court had sustained his motion for a bill of particulars and had ordered the state to file the same specifying the date and time of the alleged offenses but that the state had failed to do so. April 9, 1971, the state filed the requested bill of particulars. The record reveals no disposition of any of the other motions on file. However, in its brief with reference to them the state says: "These Motions were heard on March 22, 1971". The state's brief also recites: "The Appellant further requested the prosecution furnish all criminal records and rap sheets of any witnesses for the State as well as the Appellant. This was done as late as April 16, 1971."

The next item revealed by the record with reference to appellant's case is a minute in the judge's trial docket stating: "6/9/71 Set for trial Sept. 20, 1971, 9 A. M. to jury". Next is the filing August 9, 1971, of appellant's Motion to Discharge, based on the state's failure to bring him to trial within 180 days from the date of his arraignment. Evidently this motion was denied and appellant was tried and convicted September 20, 1971. On October 8, 1971, his motions for discharge and for new trial were overruled and he was sentenced. The record reveals that at the time these motions were ruled upon the trial court made the following remarks:

"Motion for discharge and for acquittal will be overruled. Of course at the time I ruled on the matter of not trying the defendant within 180 days, I want to reiterate that from now on everything is going to take place in the courtroom. This Court clearly recalls these delays were occasioned by the defendant and these attorneys unavailable delay, they couldn't get out here to take the matter up and the Court granted their request over the telephone, but the motion will be overruled. I think clearly any delay that occurred in this case was occasioned by the defendant. Is there anything else, now?"

Section 10 of the Bill of Rights to the Kansas Constitution guarantees speedy trial to an accused. *State v. Otero*, 210 Kan. 530, 502 P. 2d 763, iterates the importance of this right.

K. S. A. 1971 Supp. 22-3401 provides:

"All persons charged with crime shall be tried without unnecessary delay. Continuances may be granted to either party for good cause shown."

K. S. A. 1971 Supp. 22-3402 (effective July 1, 1970) provides:

". . . (2) If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, he shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3).

"(3) The time for trial may be extended beyond the limitations of subsections (1) and (2) of this section for any of the following reasons:

"(a) The defendant is incompetent to stand trial;

"(b) A proceeding to determine the defendant's competency to stand trial is pending and a determination thereof may not be completed within the time limitations fixed for trial by this section;

"(c) There is material evidence which is unavailable; that reasonable efforts have been made to procure such evidence; and that there are reasonable grounds to believe that such evidence can be obtained and trial commenced within the next succeeding ninety days. Not more than one continuance may be granted the state on this ground, unless for good cause shown, where the original continuance was for less than ninety days, and the trial is commenced within one hundred twenty days from the original trial date;

"(d) Because of other cases pending for trial, the court does not have sufficient time to commence the trial of the case within the time fixed for trial by this section. Not more than one continuance of not more than thirty days may be ordered upon this ground."

In *State v. Sanders*, 209 Kan. 231, 495 P. 2d 1023, this court held that the purpose of 22-3402 is to implement and define the constitutional guarantee of speedy trial. The court further held:

"The obligation to bring a defendant to trial within the time provided by statute is on the State, and the defendant is not required to take any affirmative action." (p. 234.)

Only the state is empowered to bring a criminal charge to trial; hence the duty of procuring prompt trial rests upon the state (see ABA Standards, Speedy Trial, Approved Draft, 1968, § 2.2, p. 17); however, the ultimate responsibility for management of the trial calendar is in the trial court (*ibid.*, § 1.2, pp. 11-12; ABA Standards, The Function of the Trial Judge, Tentative Draft, § 1.1 (a), pp. 25-26; § 3.8, pp. 48-49).

Here 283 days elapsed between the time of appellant's arraignment (December 10, 1970) and the date of his trial (September 20, 1971). Appellant asserts, and correctly so, the record reveals no motion or request by him for continuance and no order for con-

tinuance. Appellant also points out no question was ever raised concerning his competency to stand trial. He contends disposition is controlled by *Sanders* wherein conviction was vacated because of the state's delay in bringing the accused to trial as required by 22-3402.

Appellee concedes, as it must, that the record contains no request by appellant for continuance and no order for the same but it nonetheless asserts the delay in trial was caused by appellant. In its brief appellee further says:

"On May 3, 1971, the State wrote to the Appellant stating that on May 14, 1971, at 10:00 A. M. the Appellant's trial would be set down for June. The Appellant's counsel, Mr. John Humpage, answered that he would not be available on May 14th but would be present on June 9, 1971, to argue pretrial motions. Copies of this letter went to the District Judge, defense co-counsel and the Clerk of the District Court. June 9, 1971, was 179 [sic] days after arraignment of the appellant and the pretrial motions were finally heard on that date."

The foregoing does not appear in the record but, assuming its correctness, appellee does not clarify how it translates into trial delay by appellant beyond the crucial 180 days from arraignment, which period actually expired June 8, 1971. Just what pretrial motions remained to be heard is not shown. The Motion For Production of Evidence Favorable to the Accused, filed March 9, 1971, did request information regarding the criminal records of all witnesses to be used. If this motion was not passed upon by the trial court March 22, 1971, as stated in appellee's brief, no reason is suggested for the delay in its processing. In any event June had become the critical month for trial purposes and the mere statement by the county attorney that on May 14, 1971, the case "would be set down for June" is of no moment. The presence of neither appellant nor his counsel was requisite to the initial setting of a trial date.

K. S. A. 1971 Supp. 22-3402 provides ample safeguards for the prosecution in bringing an accused to trial. Provision is made for extension of time both for the unavailability of material evidence and "Because of other cases pending for trial, the court does not have sufficient time to commence the trial of the case" within the allotted time. Neither of these statutory exceptions was brought into play.

Nothing in the record aside from the trial court's remarks in denying the motion for new trial indicates the delay resulted from the application or fault of the appellant.

We must agree with appellant that disposition is governed by *Sanders*. There the case had been set for trial within the allotted statutory time (ninety days after arraignment where held in jail under K. S. A. 1971 Supp. 22-3401 [1]) but trial had not occurred within that period. The prosecution contended the delay was excusable as a result of the application or fault of the defendant. In denying a motion to discharge the trial court stated:

"Dan, I am going to overrule your motion. This case would have been tried in November, except that there was some kind of a falling-out between this man and his then lawyer, Mr. Mermigis. I don't know exactly what has happened since then. I'm not going to sustain your motion; I do respectfully overrule you." (p. 235.)

Additionally just prior to his trial the defendant made the following statement:

"Well, when you were first assigned to my case, we discussed the other matter and you, yourself, put the trial aside then and postponed it." (p. 234.)

Regarding the latter statement this court said:

"The record discloses this statement was made to defendant's counsel. Since the court's docket discloses no request by defendant's counsel for continuance, the statement had to be based on what counsel told the defendant. Regardless of defendant's understanding, and regardless of whether or not defendant correctly recalled counsel's words, we find *the record of the proceedings is controlling.*" (p. 234.) (Emphasis supplied.)

We would elaborate the foregoing: District courts are courts of record. Their proceedings of significance such as events touching upon the right to speedy trial are to be recorded. The only safe practice if the interests of the accused, the prosecution and the public are to be effectively protected is that those records shall control.

A safeguard in supplementing a defective record exists by reason of K. S. A. 1971 Supp. 22-3504 (2) which provides:

"Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

In the case at bar this authority was actually used. By journal entry dated April 7, 1972, and filed April 10, 1972, the trial court, after reciting that the original journal entry of conviction in the case could not be found, proceeded to state the fact of conviction on September 20, 1971, and subsequent sentencing. However, nothing was stated respecting trial delay although appeal had al-

ready been taken on that issue and nothing else by way of *nunc pro tunc* order accounts for that delay.

Here the case was never even set for trial within the allotted 180 days from arraignment. Trial occurred 283 days after that event. As in *Sanders,* the record reveals appellant was not afforded timely trial as mandated by K. S. A. 1971 Supp. 22-3402 and accordingly he must be discharged from liability for the crime charged.

The judgment is reversed and the cause is remanded with directions to set aside the conviction and sentence.

APPROVED BY THE COURT.