No. 47,457

State of Kansas, *Appellant,* v. Walter Cox, Betty Schleicker, Pat Veltri, Shirley Ummel, *Appellees.*

(528 P. 2d 1226)

Opinion filed December 7, 1974.

*Philip L. Sieve,* Chief Deputy District Attorney, argued the cause, and *Vern Miller,* Attorney General, and *Nick A. Tomasic,* District Attorney, were with him on the brief for the appellant.

*David W. Boal,* of Carson, Fields, Kugler and Boal, of Kansas City, argued the cause, and *David W. Carson, John H. Fields,* and *Charles D. Kugler,* of the same firm, were with him on the brief for the appellees.

The opinion of the court was delivered by

Prager, J.: We have before us four criminal cases which have been consolidated for the purpose of appeal because an identical question of law is involved in each case. The appeals were taken by the state from orders of the district court of Wyandotte county discharging the defendants because they had been denied a speedy trial under the provisions of K. S. A. 1973 Supp. 22-3402.

The facts in each case are not in dispute and are essentially as follows: Each of the four defendants were charged with possession of a gambling device in violation of K. S. A. 1973 Supp. 21-4307. On June 20, 1973, each of the four defendants was arraigned and each entered a plea of not guilty to the charge of possession of a gambling device. On October 26, 1973, Judge Harry G. Miller, Administrative Judge, by letter gave notice to counsel that the case against the defendant, Shirley Ummel, had been set for trial on November 5, 1973. The trial was not held at that time because of the trial of another case which had also been set. This procedure has been referred to by counsel as "bumping". Under this procedure the trial judge sets several cases to be heard on a single day. Those cases which are not reached are bumped to some future setting. By letter

dated November 15, 1973, Judge Miller advised counsel that the cases against the defendants, Ummel, Cox and Veltri, were set for trial on December 17, 1973, in Division One of the district court. In another letter of the same date the case against the defendant Schleicker was also set for trial on December 17, 1973, in Division Four. On December 17, 1973, the first case set in Division One proceeded to trial, making it impossible to proceed to trial in the cases against Ummel, Cox and Veltri. Likewise on December 17 in Division Four, where the case against defendant Schleicker was set fifth on the docket, the first case set proceeded to trial. No request was made by the state for a continuance of any of the four cases nor did the trial judge enter an order of continuance. On December 18, 1973, the 181st day after arraignment, each of the defendants moved to be discharged for failure of the state to bring him to trial within the 180-day period prescribed by K. S. A. 1973 Supp. 22-3402. A motion to discharge the defendant was granted in each of the four cases. The state has appealed.

The state raises a single point in each appeal. The state's position is that the trial court should have ordered a continuance under the provisions of 22-3402 (3) (*d*) because there were other cases pending for trial and the court did not have sufficient time to commence the trial of the case within the 180-day period required for trial under the statute. Each of the defendants contends, on the other hand, that his motion for discharge was properly sustained since a period of 181 days had passed since the time of arraignment and that it was too late for the trial court to grant or order a continuance after the expiration of the 180-day period.

In our judgment the trial court in each case properly sustained the motion of the defendant for discharge. 22-3402 (2) provides as follows:

"(2) If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, *he shall be entitled to be discharged from further liability to be tried for the crime charged,* unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3)." (Emphasis supplied.)

Subsection (3) (*d*) provides in substance that the time for trial may be extended beyond the limitation set in the statute when, because of other cases pending for trial, the court does not have sufficient time to commence the trial of the case within the time fixed for trial by this section.

It is undisputed that any delay in the trial in each case was not the result of the application or fault of the defendant. In view of this the state, of necessity, must rely upon a claim of a continuance under 22-3402 (3) (*d*). An examination of the record fails to disclose *any order* of the court continuing the trial of any of the defendants for any of the reasons set forth in the statute. We hold that the trial court properly sustained the motion of each defendant for his discharge under the authority of *State v. Sanders*, 209 Kan. 231, 495 P. 2d 1023, and *State v. Higby*, 210 Kan. 554, 502 P. 2d 740. We think it clear under the language of 22-3402 that in order for the continuance exception to be brought into play, the state must show that a continuance was granted by the trial court during the 180-day statutory period for one of the authorized reasons set forth in subsection (3) of the statute. 22-3402 sets forth the specific standards by which the right of a speedy trial is protected in this state. In each case the trial court acted in accordance with the mandate of the statute and the judgment in each case sustaining the motion of the defendant for his discharge must be affirmed.