No. 47,458

STATE OF KANSAS, *Appellant*, v. LINDA PENDERGRASS, *Appellee.*

(528 P. 2d 1190)

Opinion filed December 7, 1974.

*Philip L. Sieve,* chief deputy district attorney, argued the cause, and *Vern Miller,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for the appellant.

*David W. Boal,* of the firm of Carson, Fields, Kugler and Boal, of Kansas City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is an appeal by the state. The single issue is whether the trial court erred in discharging defendant because she had not been tried within 180 days after her arraignment.

On June 20, 1973, defendant Linda Pendergrass was arraigned upon a charge of possession of a gambling device. She entered a plea of not guilty and requested jury trial. Meanwhile she remained free on bond. By letter order from the administrative judge dated July 11, 1973, her case was set for hearing the week of July 30, 1973, the fourth of five cases for jury trial in division No. 6 of the

district court. During that week, on Wednesday, August 1, defendant's case was reached. The trial docket sheet in her case recites that on this latter date the case was on defendant's motion continued to the September term of court. This docket entry was signed by the judge of division No. 6.

The September term of the Wyandotte county district court commenced September 10 and ended December 2 (Rule No. 122 [cc] of this court [211 Kan. lvi]). On November 15, 1973, her case was rescheduled for trial the week of December 17, 1973, the fourth of five cases for jury trial in division No. 4. December 17 was beyond the September term of court and was exactly 180 days after defendant's arraignment. Defendant's case was not reached on Monday, December 17. One of the cases set for trial that day ahead of defendant's was disposed of by a plea of guilty and the other two went to trial. Meanwhile the state made no application for continuance of defendant's case nor did the court order continuance on the ground that by reason of other cases pending for trial, it did not have sufficient time to commence her case within the statutory period of time fixed for trial.

On December 18, 1973, defendant orally moved that the charge against her be dismissed because she had not been tried within the 180 day period provided by K. S. A. 1973 Supp. 22-3402. The trial court sustained her motion and the state has now appealed.

The purpose of the cited statute is to implement and define the constitutional guaranty of speedy trial (*State v. Davis*, 209 Kan. 225, 495 P. 2d 965). The obligation of procuring trial within the time prescribed rests upon the state and the defendant is not required to take any affirmative action (*State v. Higby*, 210 Kan. 554, 502 P. 2d 740). So far as pertinent here K. S. A. 1973 Supp. 22-3402 provides:

"(2) If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, he shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3).

. . . . . . . . . . . .

"(3) The time for trial may be extended beyond the limitation of subsections (1) and (2) of this section for any of the following reasons:

. . . . . . . . . . . .

"(d) Because of other cases pending for trial, the court does not have sufficient time to commence the trial of the case within the time fixed for trial by this section. Not more than one continuance of not more than thirty days may be ordered upon this ground."

The state advances two separate theories in support of its contention the trial court erred in dismissing the action. First, it maintains the court should have continued the case pursuant to subsection (3) (d) of the statute. Perhaps it should have in view of its ultimate responsibility for the management of its trial calendar (see *State v. Higby,* supra, Syl. ¶ 2), but it did not do so and in companion cases, where none of the defendants requested a continuance, as here, this day decided, we have upheld like dismissals upon that issue (*State v. Cox,* 215 Kan. 803, 528 P. 2d 1226).

Secondly, the state asserts part of the delay resulted from defendant's application, making that period of time chargeable against defendant. We agree. When defendant's case was reached for trial on August 1 pursuant to its first setting the trial docket entry, made contemporaneously with the event, revealed the case was, upon defendant's request, continued to the September term, which commenced on September 10. This resulted in a delay of at least forty days occasioned by defendant's action. It is true that a factual dispute between counsel developed upon this point at the hearing of defendant's oral motion to dismiss. Counsel for defendant asserted he had no recollection of having asked for continuance and that he had not done so; counsel for the prosecution disagreed, stating that on August 1 he, the assistant district attorney, had asked for a bond forfeiture and bench warrant when the defendant was not present at the time her case was reached for trial, whereupon counsel for defendant requested the continuance, which was granted. In *State v. Sanders,* 209 Kan. 231, 495 P. 2d 1023, a speedy trial case, the prosecution asserted defendant had admitted a continuance was granted as a result of the action of his counsel. This court stated:

". . . Since the court's docket discloses no request by defendant's counsel for a continuance, the statement had to be based on what counsel told the defendant. Regardless of defendant's understanding, and regardless of whether or not defendant correctly recalled counsel's words, we find the record of the proceedings is controlling." (p. 234.)

In *Higby* we further held:

"District courts are courts of record. Their proceedings of significance such as events touching upon the right to speedy trial are to be recorded. The only safe practice if the interests of the accused, the prosecution and the public are to be effectively protected is that those records shall control." (Syl. ¶ 3.)

Here, according to the record, which must control in the absence

of any order correcting it (see K. S. A. 1973 Supp. 22-3504 [2]), a continuance of at least forty days was granted upon application of the defendant. In the ABA Standards, Speedy Trial § 2.3 (1968), this statement appears:

"The following periods should be excluded in computing the time for trial:

. . . . . . . . . . . . . .

"(c) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel. . . ." (p. 25.)

The foregoing statement is, of course, the sense of K. S. A. 1973 Supp. 22-3402 (2) and our cases interpreting it. In *State v. Welch*, 212 Kan. 180, 509 P. 2d 1125, we said:

"The record discloses that there were three excusable delays which were the result of the fault or application of the defendant. First, on October 19, 1970, when the case was first set for trial, the defendant was granted a continuance until November 16, 1970. Since the defendant applied for the continuance this period of 28 days from October 19 to November 16 is properly charged to the defendant and is excluded from the computation under 22-3402." (p. 184.)

And in *State v. Powell*, 215 Kan. 624, 527 P. 2d 1063, a case in which a defendant who was never free on bond sought reversal of his conviction for want of speedy trial, we held:

"Where a defendant is brought to trial within ninety days of arraignment, not counting those days during which the case was continued at his request, he is not entitled to be discharged under K. S. A. 1973 Supp. 22-3402 (1)." (Syl. ¶ 3.)

The law may be summarized: Any period of delay resulting from a continuance granted at the request of the defendant is to be excluded in computing the time for trial required by K. S. A. 1973 Supp. 22-3402.

Excluding the forty days chargeable to defendant, on December 18, 1973, only 141 days had elapsed since defendant's arrangement which were chargeable to the prosecution. Hence the trial court erred in sustaining her motion to dismiss the action and she remains subject to prosecution.

The judgment is reversed and the cause is remanded for further disposition.

APPROVED BY THE COURT.