(619 P.2d 1169)
No. 51,048

EDWARD J. ROITZ, *Appellee,* v. RANDY T. BROOKS, *Appellant.*

Opinion filed November 21, 1980.

*Nelson E. Toburen* of Wilbert, Lassman, Toburen & Wachter, of Pittsburg, for the appellant.

*K. I. Loy,* of Pittsburg, and *Harold H. Crook,* now deceased, for the appellee.

Before FOTH, C.J., REES, J., and HARMAN, C.J. Retired, sitting by designation.

HARMAN, C.J. Retired: In this case arising from a midnight automobile collision at a controlled intersection in Pittsburg—unique, perhaps, in that three different versions were presented at trial as to which direction the two vehicles were proceeding—the first issue to be considered is whether a trial court can enter judgment notwithstanding the verdict where the record does not reveal that a motion for directed verdict was made at the close of the evidence, and the parties are at odds as to whether one was made by the prevailing party.

The background is this: The jury returned a verdict finding plaintiff-appellee Edward J. Roitz 40 percent at fault and defendant-appellant 60 percent at fault. It assessed plaintiff's damage, without considering the percentage of fault, as the sum of $5,000.

Thereafter, plaintiff filed an instrument denominated "MOTION

FOR A NEW TRIAL and TO SET ASIDE JURY FINDING OF FAULT." The motion first stated:

"Comes now the Plaintiff, Edward J. Roitz, and respectfully moves the Court to grant a new trial and to review Plaintiff's many objections during the trial of the above entitled matter on March 6th and March 7th, 1979, and for the following reasons . . . ."

The ensuing paragraph alleged misconduct of defendant's counsel in propounding questions to witnesses in violation of the court's orders. The motion continued:

"Second: Plaintiff further moves the Court to sustain Plaintiff's Motion made during trial as to Defendant's negligence and set aside the jury's verdict in regard to its finding of fault since said findings are contrary to the evidence as well as the instructions of the Court.

"Third: Plaintiff further moves the Court for a new trial since the jury's findings of forty percent negligence for Plaintiff and sixty percent for Defendant is entirely contrary to all of the evidence introduced during the trial and that as a matter of law, together with the evidence, Defendant's negligence should be one hundred percent.

"WHEREFORE, in accordance with K.S.A. 60-259 Plaintiff respectfully moves the Court for a new trial, or a modification of the percent of negligence on Plaintiff and Defendant, as hereinabove set forth and for such other relief as to the Court may seem fit and proper."

In a memorandum decision, the trial court denied the motion for new trial. It found there was no fault on the part of plaintiff and, in effect, that defendant was 100 percent negligent. It rendered judgment for plaintiff for the full amount of the damage determined by the jury.

The trial court appears to have acted on the assumption plaintiff had moved for a directed verdict on the issue of liability at the close of the evidence. Nothing in the transcript or record reveals this was done, and herein lies the basis of defendant's first point on appeal—want of authority in the trial court to render such judgment.

The first aspect of the matter seems clear. In *Noll v. Schnebly,* 196 Kan. 485, 413 P.2d 78 (1966), the court considered the provisions of K.S.A. 60-250(*b*) and federal decisions construing its counterpart, and held that a motion for judgment notwithstanding the verdict may not be entertained by the trial court unless the moving party has made a timely motion for a directed verdict at the close of all the evidence.

Present counsel in the case, Messrs. Loy and Toburen, disagree as to what occurred at trial. At oral argument, the first stated he recalled that Mr. Crook made such a motion, while the latter

denied that this happened. Mr. Crook, who, according to the transcript, was the only spokesman for plaintiff throughout the trial, has passed away since plaintiff's brief was filed. It was also stated that Mr. Steven R. Jarrett, who according to the transcript took the lead for defendant, is no longer associated with the law firm handling defendant's appeal.

The reporter's transcript does show that, in chambers, when both sides had rested, *defendant's* counsel renewed a motion which had been made in chambers when plaintiff rested his case-in-chief, asking that the court direct a verdict for defendant on the issue of permanent and future damages claimed by plaintiff. There is no mention in the transcript of any motion by plaintiff respecting negligence at this or at any other time. Nor is there any statement by the reporter, as is sometimes seen in transcripts, that a bench conference was held out of the hearing of the reporter. Plaintiff made no objection to the court's instructions to the jury. We are not favored with any information as to what occurred when plaintiff's post-trial motion was argued and there has been no attempt to correct, amend or supplement the record.

In *State v. Higby,* 210 Kan. 554, 502 P.2d 740 (1972), where it was questionable as to whether or not certain actions in court had been taken, the court held:

"District courts are courts of record. Their proceedings of significance such as events touching upon the right to speedy trial are to be recorded. The only safe practice if the interests of the accused, the prosecution and the public are to be effectively protected is that those records shall control." Syl. ¶ 3.

See also *State v. Pendergrass,* 215 Kan. 806, 528 P.2d 1190 (1974), where the foregoing was applied to the detriment of an accused.

These were criminal cases where a constitutional right was involved and do not necessarily dictate disposition here. However, district courts in civil actions are also courts of record, and it would appear appropriate that where disputes as to important occurrences in their proceedings remain unresolved, then the records should control, and we so hold.

The making of a timely motion for directed verdict is a significant and important event in the orderly administration of justice, in that it is a prerequisite to post-verdict action by the trial court which cannot otherwise be taken. Its absence as revealed by the record here compels reversal.

For cases involving similar situations of dispute where the same result was reached in other jurisdictions, see *Glover v. Saunders,* 252 Md. 102, 249 A.2d 156 (1969), and *Stark v. Henneman,* 250 Or. 34, 440 P.2d 364 (1968).

Judgment reversed and cause remanded with directions to reinstate the verdict and enter judgment thereon.