(651 P.2d 967)
No. 53,732

STATE OF KANSAS, *Appellee,* v. CHARLES HUNT, *Appellant.*

Opinion filed October 7, 1982.

*Michael P. McKone,* of McKone & Unruh, of Junction City, for the appellant.

*Steven L. Opat,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before FOTH, C.J., REES and SWINEHART, JJ.

SWINEHART, J.: This is a direct appeal by the defendant, Charles

Hunt, from convictions of aggravated assault (K.S.A. 21-3410[*a*]) and unlawful use of weapons (K.S.A. 21-4201[1][*b*]).

The facts need not be set forth in detail. Defendant, a soldier stationed at Fort Riley, was charged with placing a medical scalpel against the neck of Wannie Lee Frazier during a late-night altercation in a Junction City park on July 27, 1980. Defendant had been watching a fight in which a friend was involved, and placed the scalpel against Frazier's neck to prevent Frazier from intervening.

An information was filed, charging defendant with aggravated assault. On November 10, 1980, arraignment was conducted in case No. 80-CR-306. On March 31, 1981, the date on which trial was to take place, the State moved to dismiss the charges without prejudice as one of the State's witnesses could not be located.

Four days later, on April 3, 1981, a new information was filed in case No. 81-CR-157, charging defendant with aggravated battery (K.S.A. 21-3414[*c*]), unlawful use of weapons (K.S.A. 21-4201[1][*b*]), and making a terroristic threat (K.S.A. 21-3419). On May 13, 1981, the information was amended, altering the aggravated battery charge to aggravated assault, and dropping the terroristic threat charge. On that same date, defendant was arraigned for aggravated assault and unlawful use of weapons.

A jury trial was held on July 27, 1981, seventy-five days after arraignment in case No. 81-CR-157, but two hundred fifty-nine days after arraignment in case No. 80-CR-306. Defendant was found guilty on both counts. He was sentenced to concurrent sentences of one to five years on the aggravated assault charge, and six months on the weapons charge. Defendant appeals, claiming that he was denied a speedy trial, that there was insufficient evidence to support the jury verdicts, and that a new trial is required because the testimony of the State's rebuttal witness was not recorded and transcribed and hence is not available for appellate review.

We find defendant's last contention to be without merit. Supreme Court Rule 3.04, 228 Kan. xli-xlii, sets forth procedures which must be followed in the event a portion of a transcript is unavailable. As defendant failed to comply with such procedures, he is precluded from alleging any resulting prejudice. Further, that portion of the transcript which is available reflects substantial evidence in support of the verdict. See *State v. Jefferson,* 204 Kan. 50, 460 P.2d 610 (1969).

We also find that there was sufficient evidence to support the conviction for unlawful use of weapons. When a defendant challenges the sufficiency of the evidence to support a conviction, the standard of review on appeal is whether the evidence, viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Douglas,* 230 Kan. 744, Syl. ¶ 2, 640 P.2d 1259 (1982). The appellate court looks only to the evidence in favor of the verdict to determine if the essential elements of the charge are sustained. 230 Kan. 744, Syl. ¶ 3.

The unlawful use of weapons is defined by K.S.A. 21-4201(1)(*b*):

"(1) Unlawful use of weapons is knowingly:

. . . .

"(*b*) carrying concealed on one's person, or possessing with intent to use the same unlawfully against another, a dagger, dirk, billy, blackjack, slung shot, dangerous knife; straight-edged razor, stiletto or any other dangerous or deadly weapon or instrument of like character, except that an ordinary pocket knife with no blade more than four inches in length shall not be construed to be a dangerous knife, or a dangerous or deadly weapon or instrument;"

Defendant was charged under that part of the statute making it unlawful to possess with an intent to use the weapon unlawfully; no allegation of concealment was involved.

We have reviewed the evidence and find it sufficient to allow a rational jury to find defendant guilty beyond a reasonable doubt. The scalpel was clearly a dangerous weapon within the meaning of the statute and was used unlawfully in defendant's assault upon Frazier. As defendant was the initial aggressor, his self-defense argument is without merit. See K.S.A. 21-3214.

Because of our resolution of defendant's speedy trial claim, we need not address the sufficiency of the evidence in support of the aggravated assault conviction.

Defendant's primary argument is that he was denied his right to a speedy trial. Prior to trial, defendant, who was free on bond, unsuccessfully moved to have both charges dismissed, alleging a violation of his statutory and constitutional rights to a speedy trial on the aggravated assault charge and a violation of his constitutional right on the weapons violation charge.

Defendant's statutory argument is based on K.S.A. 22-3402:

"(2) If any person charged with a crime and held to answer on an appearance

"bond shall not be brought to trial within one hundred eighty (180) days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3)."

Defendant contends that the time between the November 10, 1980, arraignment and the March 31, 1981, dismissal of case No. 80-CR-306, a total of 142 days, should be included in calculating the 180-day limit. As he was not brought to trial until July 27, 1981, 259 days following the initial arraignment, he alleges that his speedy trial right was violated.

The State, on the other hand, contends that case No. 81-CR-157 was a new, distinct prosecution. The State stresses the fact that additional charges and charges of greater severity were contained in the second information. As defendant was tried within seventy-five days of the arraignment in the new case, the State contends that the statutory requirement was met.

Among those states which have a statutory requirement that a defendant be brought to trial within a specified time period, there is a split of authority as to the effect of the dismissal of an original indictment or information and the filing of a subsequent indictment or information. See generally 21A Am. Jur. 2d, Criminal Law § 852; 22A C.J.S., Criminal Law § 468; Annot., 30 A.L.R.2d 462. The two leading Kansas cases addressing this question under our speedy trial statute are *State v. Fink,* 217 Kan. 671, 538 P.2d 1390 (1975), and *State v. Cuezze, Houston & Faltico,* 225 Kan. 274, 589 P.2d 626 (1979).

In *Fink,* our Supreme Court stated:

"The time elapsing between the filing of the first information and the dismissal of the cause by the court is not to be counted in determining the time elapsed between the filing of the second information and trial. (*State v. Rowland,* 172 Kan. 224, 239 P.2d 949 [1952] . . . . ) The charge is no longer pending against a prisoner, and therefore another indictment or complaint can be filed against him." p. 675.

*Fink* is readily distinguishable from the present case, however, in that the dismissal of the first information occurred prior to arraignment and pursuant to defendant's own motion.

In *Cuezze,* a four-count information was filed against defendants Cuezze and Houston. Approximately three months after arraignment on the first information, a second information was filed, adding a third defendant and dropping one count of con-

spiracy. The first information was subsequently dismissed. After the statutory time limits for trial on the first information had elapsed, but within the time limits allowable under the second information, defendants Cuezze and Houston moved to dismiss the charges, alleging a speedy trial violation. The trial court granted the motion and the decision was affirmed by our Supreme Court. The court held that "[a]bsent a showing of necessity, the State cannot dismiss a criminal action and then refile the identical charges against the same defendant and avoid the time limitations mandated by the statute." 225 Kan. at 278.

We find *Cuezze* to be controlling and hold that defendant's statutory right to a speedy trial on the aggravated assault charge was violated. Though there was a four-day gap between the dismissal of the first and the filing of the second information, the dismissal resulted from the State's own motion and was not accompanied by a showing of necessity. The State seeks to justify the dismissal by stating that an "essential" witness was beyond the jurisdiction of the court due to his military service. This witness, however, did not testify at trial and the State nonetheless obtained a conviction. Two eyewitnesses were with the victim when the incident took place and testified in detail as to defendant's assaultive conduct. Though the witness could have strengthened the State's case, his testimony clearly was not essential.

The State stresses that the second information contained additional and more serious charges. By the time of arraignment on May 13, 1981, however, the second information had been amended, altering the aggravated battery charge to aggravated assault. It is the date of arraignment which controls the application of K.S.A. 22-3402. *State v. Taylor,* 3 Kan. App. 2d 316, Syl. ¶ 4, 594 P.2d 262 (1979). As defendant was thus arraigned on an identical charge in each proceeding, the lack of identity in the charges as filed is of no significance. The presence of the additional weapons charge is likewise of no significance, for each count in an information is to be regarded as if it were a separate information. See *Dunn v. United States,* 284 U.S. 390, 393, 76 L.Ed. 356, 52 S.Ct. 189 (1932). See also 41 Am. Jur. 2d, Indictments and Informations § 221.

The State also had an alternative to dismissal of the first information. K.S.A. 22-3402(3)(*c*) allows the State to obtain a

continuance, and thus extend the time limits set forth in K.S.A. 22-3402(2), if material evidence is temporarily unavailable. The State cannot ignore this procedure and avoid the statutory time limits by simply moving for a dismissal without prejudice. See *Cuezze,* 225 Kan. at 278. See also *State v. Higby,* 210 Kan. 554, 557, 502 P.2d 740 (1972).

The legislative intent in enacting K.S.A. 22-3402 was to protect the constitutionally guaranteed right to a speedy trial by ensuring that a defendant is brought to trial within a specified time period. A defendant has no obligation to bring himself to trial within the time limits; that duty rests with the State. *State v. Warren,* 224 Kan. 454, Syl. ¶ 2, 580 P.2d 1336 (1978). As the State failed to meet its duty, the defendant is entitled to be discharged on the aggravated assault conviction. 224 Kan. 454, Syl. ¶ 5; *State v. Cox,* 215 Kan. 803, Syl. ¶ 1, 528 P.2d 1226 (1974).

The situation is different, however, regarding the illegal use of weapons conviction. That charge was not brought against defendant in the original information; hence, the statutory time limits did not begin to run until the May 13, 1981, arraignment in case No. 81-CR-157. Defendant was tried seventy-five days thereafter, on July 27.

Further, in his pretrial motion to dismiss, defendant alleged a statutory violation only on the aggravated assault charge. Defendant cannot raise a point on appeal that was not presented to the trial court. *Anderson v. Overland Park Credit Union,* 231 Kan. 97, Syl. ¶ 6, 643 P.2d 120 (1982). Consequently, any violation of defendant's right to a speedy trial on the weapons charge must be on constitutional grounds.

In *State v. Otero,* 210 Kan. 530, 502 P.2d 763 (1972), our Supreme Court adopted the test set forth by the United States Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 33 L.Ed.2d 101, 92 S.Ct. 2182 (1972), for judging speedy trial claims. *Barker* set forth a balancing test, identifying four factors to be weighed in evaluating speedy trial claims: (1) length of delay; (2) reason for the delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant. 407 U.S. at 530. None of these factors alone is dispositive; they must be considered together in light of the circumstances found in each case. 407 U.S. at 533.

We have weighed these factors and conclude that defendant's constitutional right to a speedy trial was not violated. Exactly one

year elapsed between defendant's arrest and trial. Such a delay is not per se unreasonable. See *State v. Fink,* 217 Kan. at 671, Syl. ¶ 5 (fourteen-month delay not unreasonable). No showing has been made that the State attempted to prejudice defendant's defense in any manner. Further, defendant did not assert his speedy trial claim until July 16, 1981, nearly a year after his arrest and only eleven days prior to trial. Though an assertion of the right is not mandatory (*Barker,* 407 U.S. at 528), the failure of a defendant to do so makes it difficult for him to prove that he was denied his constitutional right. *State v. Hemminger,* 210 Kan. 587, Syl. ¶ 4, 502 P.2d 791 (1972). See also *State v. Wilson,* 227 Kan. 619, 622-23, 608 P.2d 1344 (1980). Defendant asserts that he was prejudiced in that his witnesses were all soldiers and, because of the transient nature of the military, all but one had left Fort Riley by the time of trial. Yet, as the State points out, defendant made little effort to secure the presence of his witnesses in either proceeding. The State's case was similarly affected by the military obligations of one of its witnesses. Any prejudice resulting to defendant from the absence of his witnesses is outweighed by his failure to take steps to alleviate such prejudice.

The conviction for unlawful use of weapons is affirmed. The conviction on the aggravated assault charge is reversed and the case is remanded to the district court with directions to discharge defendant on that count.