(681 P.2d 30)
No. 55,992

STATE OF KANSAS, *Appellee,* v. WAYMAN L. GEORGE, *Appellant.*

 Opinion filed May 17, 1984. 

*Paul W. Brown,* of Hess, Leslie & Brown, of Hutchinson, for appellant.

*Francis E. Meisenheimer,* assistant county attorney; *Timothy J. Chambers,* county attorney; and *Robert T. Stephan,* attorney general, for appellee.

Before ABBOTT, P.J., MEYER, J., and RICHARD W. WAHL, District Judge Assigned.

MEYER, J.: Wayman L. George (defendant) appeals the trial court's failure to dismiss a prosecution for driving under the influence of alcohol (K.S.A. 8-1567) on statutory speedy trial grounds.

Defendant was arrested on August 6, 1982. Prosecution was commenced and a jury summoned. That jury was unable to reach a verdict, and a mistrial was declared on December 13, 1982.

A second trial was scheduled April 18, 1983, but a principal State's witness, the arresting officer, was unavailable. The court granted a continuance to May 23, 1983. On that date, the parties and counsel were present, but jurors had not been summoned. Thus, on May 23, 1983, the trial was postponed, and while the record is not specific on this point, it appears the trial was reset at that time for June 13, 1983. In any event, the trial was held June 13, 1983. On that date, defense counsel moved to dismiss the charges for violation of the defendant's statutory speedy trial right (K.S.A. 22-3402). The court denied the motion, citing unavailable material evidence and the court's caseload. K.S.A. 22-3402(3)(c) and (d). A jury convicted defendant, and he moved for a new trial, based on the trial court's denial of the motion to dismiss on speedy trial grounds. The trial court denied the motion for new trial, citing K.S.A. 22-3402(3)(d), and sentenced defendant to ninety days in the Reno County Detention Center, fined him $500 and costs, and suspended his driver's license for one year. Defendant timely appeals.

The trial court did not, on May 23, 1983, state any reason for trial postponement other than the absence of jurors on that date. It is not disputed but what both the State and defendant were present and ready for trial on that date.

At issue herein is whether the trial court erred in denying defendant's motion to dismiss for violation of his statutory right to a speedy trial.

Relevant portions of K.S.A. 22-3402 provide:

"(2) If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within one hundred eighty (180) days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3).

"(3) The time for trial may be extended beyond the limitations of subsections (1) and (2) of this section for any of the following reasons:

. . . .

"(d) Because of other cases pending for trial, the court does not have sufficient time to commence the trial of the case within the time fixed for trial by this section. Not more than one continuance of not more than thirty (30) days may be ordered upon this ground.

"(4) In the event a mistrial is declared . . . the time limitations provided for herein shall commence to run from the date the mistrial is declared . . . ."

Defendant was brought to trial on June 13, 1983, the 182nd day after declaration of a mistrial in his first trial. He was entitled to trial within 180 days of the mistrial, absent a statutory exception. *State v. McClain*, 224 Kan. 464, 465, 580 P.2d 1334 (1978). In its June 13, 1983, denial of the motion to dismiss on speedy trial grounds, the trial court relied upon a crowded trial docket, K.S.A. 22-3402(3)(d). The State's continuance from April 18 until May 23, 1983, occurred within the 180-day period. The speedy trial statute does not apply to continuances granted within 180 days. *State v. Coburn*, 220 Kan. 750, 752, 556 P.2d 382 (1976). The court explained that, because of cases pending on the court's docket, the 182nd day was the earliest available date for trial.

The State relies solely on *State v. Coburn*, 220 Kan. 750. In *Coburn* the court granted a 47-day continuance which fell within 210 days of arraignment. The Supreme Court held that a continuance could be granted under K.S.A. 22-3402(3)(d) " 'to a date not more than thirty days after the limit otherwise applicable.' " 220 Kan. 753. On the facts, there is not a *Coburn* problem in this

case because the continuance granted was less than thirty days and no timely, proper statutory reason was stated.

The real problem is that here the court's explanation regarding its docket occurred after the 180th day. In *State v. Cox,* 215 Kan. 803, 528 P.2d 1226 (1974), four criminal cases were set for trial within 180 days of arraignment but were bumped when other cases went to trial. There was no request for a continuance, and no order entered by the judge. On the 181st day, all defendants were discharged on statutory speedy trial grounds. The Supreme Court affirmed, stating:

"An examination of the record fails to disclose *any order* of the court continuing the trial of any of the defendants for any of the reasons set forth in the statute. . . . We think it clear under the language of 22-3402 that in order for the continuance exception to be brought into play, the state must show that a continuance was granted by the trial court during the 180-day statutory period *for one of the authorized reasons set forth in subsection (3) of the statute."* (Emphasis added.) 215 Kan. at 805.

The trial court could have issued an order *sua sponte. State v. Jones,* 220 Kan. 136, 139, 551 P.2d 801 (1976); *State v. Steward,* 219 Kan. 256, 261-62, 547 P.2d 773 (1976). There is no requirement of a formal hearing; the trial judge may simply make a notation on the trial docket. 219 Kan. at 261-62.

However, the order of continuance, stating a proper statutory reason, must be made within the 180-day period. It is not permissible for the trial court to grant a continuance which extends the trial date to a point beyond 180 days based on a ground not authorized by statute. To do so is reversible error which cannot be corrected by stating a statutory ground after the expiration of the 180-day period within which, absent authorized delays, defendant must be tried.

The judgment of the trial court is reversed with instructions to discharge the defendant.