No. 46,551

STATE OF KANSAS, *Appellee,* v. RONALD E. DAVIS, *Appellant.*

(495 P. 2d 965)

Opinion filed April 8, 1972.

*James W. Dahl,* of Kansas City, argued the cause and was on the brief for appellant.

*Mark L. Bennett, Jr.,* assistant county attorney, argued the cause and *Vern Miller,* attorney general, and *James A. Wheeler,* county attorney were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: On September 25, 1970, the appellant was convicted by a jury on three counts of grand larceny. He has appealed, alleging he was denied his constitutional right to a speedy trial as provided by the Sixth Amendment to the United States Constitution and Section 10 of the Bill of Rights of the Kansas Constitution, and that the district court erred in overruling his motion for discharge pursuant to K. S. A. 1971 Supp. 22-3402 (2). The facts are not in dispute, and a summary of those necessary for a just determination of the case follows.

On October 30, 1968, an Information was filed by the state of Kansas charging the appellant with three counts of grand larceny. On January 6, 1969, he failed to appear at the call of the criminal docket of the Johnson district court; his bond was forfeited, and a bench warrant was issued. Subsequently, he was taken into custody and *arraigned by the district court on February* 24, 1970. He was again released on bail.

The appellant's case was set for trial on August 20, 1970, along with several other cases. One of the cases set ahead of the appellant's case went to trial and as a result the appellant's case was "bumped" from the docket, and continued by the court for trial on August 24, 1970.

On August 24, 1970, 181 days after his arraignment, the case was called to trial by the district court at which time the appellant made a motion for discharge pursuant to K. S. A. 1971 Supp. 22-3402 (2), contending he had not been afforded a trial within 180 days following his arraignment. The state moved that the trial be continued until September 17, 1970, alleging that three witnesses were unavailable; that it was experiencing difficulties in rearranging for the attendance of those witnesses—one witness was outside the state and two witnesses were incarcerated in penal institutions. Both motions were taken under advisement by the district court, and on September 8, 1970, it overruled appellant's motion and continued the case for trial to September 24, 1970. The appellant's appearance bond was continued in effect.

The case proceeded to trial on September 24, 1970, and on September 25, 1970, the jury returned a verdict finding the ap-

pellant guilty as charged on all three counts of grand larceny. Subsequently, a motion for new trial or arrest of judgment was overruled by the district court.

In 1970, the Legislature enacted the new Code of Criminal Procedure, which became effective on July 1, 1970. The new act was intended to provide for the just determination of every criminal proceeding, and is to be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay. (K. S. A. 1971 Supp. 22-2103.) Section 22-3402 contains a new definition of the term "speedy trial," as used in Section 10 of the Bill of Rights of the Kansas Constitution. The purpose of the statute is to implement the constitutional guaranty of speedy trial. The new definition shortened the limitations for trial and are expressed in days after arraignment, rather than court terms after the filing of the indictment or information. The new statute, K. S. A. 1971 Supp. 22-3402 reads in part:

"(2) If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, he shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3).

"(3) The time for trial may be extended beyond the limitations of subsections (1) and (2) of this section for any of the following reasons:

\* \* \* \* \* .

"(c) There is material evidence which is unavailable; that reasonable efforts have been made to procure such evidence; and that there are reasonable grounds to believe that such evidence can be obtained and trial commenced within the next succeeding ninety days. Not more than one continuance may be granted the state on this ground, unless for good cause shown, where the original continuance was for less than ninety days, and the trial is commenced within one hundred twenty days from the original trial date;

"(d) Because of other cases pending for trial, the court does not have sufficient time to commence the trial of the case within the time fixed for trial by this section. Not more than one continuance of not more than thirty days may be ordered upon this ground."

The appellant argues that he timely asserted his right to a speedy trial by moving for discharge on August 24, 1970, as he had not been brought to trial within 180 days as provided by 22-3402 (2). As indicated, the trial setting on August 24, 1970, was 181 days after the appellant's arraignment on February 24, 1970. In addition, he contends that if the district court properly continued his trial from August 24, 1970, to September 24, 1970, that such a

continuance was more than authorized by 22-3402 (3) (*d*), as it was 31 days rather than 30 days.

It is clear from the language of K. S. A. 1971 Supp. 22-4602 (1) that the Legislature intended to give the accused the election to proceed under the repealed Code, or the newly enacted Code of Criminal Procedure. That section reads:

"(1) The trial of any prosecution commenced prior to the effective date of this chapter, and proceedings incidental thereto, shall be governed by this chapter unless the defendant elects to be proceeded against under the law in force at the time the prosecution was commenced. Such election shall be made by the defendant in open court or in writing at or prior to the time of commencement of trial."

The record shows the appellant did not elect to be prosecuted under the repealed Code, but chose instead the procedural safeguards of the Code effective July 1, 1970. We conclude that K. S. A. 1971 Supp. 22-3402 applies to the appellant rather than K. S. A. 62-1432, the old provision, as asserted by the state.

The appellant's case was set for trial on August 20, 1970, 177 days after arraignment. The case was "bumped" from the docket on that date because another case set before it went to trial. The court continued the case and rescheduled the trial on August 24, 1970, which was 181 days after arraignment. The state was entitled to one continuance because of caseload problems (22-3402 [3] [*d*]), and we conclude the first continuance, from August 20, to August 24, was fully warranted and authorized by the provisions of 22-3402 (3) (*d*).

On August 24, the state, prior to trial and before the first continuance expired on August 24, moved for continuance of the case until September 17, stating that material evidence (three witnesses) was unavailable. The state made proper showing that it had made a reasonable effort to procure the three witnesses, and that there were reasonable grounds to believe such evidence would be available at the later date. This court is of the opinion the state was entitled to its requested continuance to September 17, and the continuance was not in derogation of the 90 day period prescribed in 22-3402 (3) (*c*) authorizing a continuance by the state where material evidence is not available, but can be obtained. The district court properly granted the continuance pursuant to the statute until September 24, and did not err in overruling the appellant's motion for discharge.

Cases cannot be simply run through trial one after another in line

as they are reached. Such a procedure would require continued attendance in court of defendants, counsel, and witnesses. We take judicial notice of the records of the judicial administrator of this state that the criminal dockets of some of our district courts are heavy and that where a group of cases are normally set for trial on a given date, it is the adopted procedure to set more cases for trial on that date than can be handled. This insures the court that it will have cases to try on the date set for trial. Those cases which are not reached on a given date are set over to the next available trial date, the only available alternative without rescheduling all other pending trials. It is arguable that a case may be continuously "bumped" from the trial docket and a period of delay could result. The solution is to place continued cases at the head of the list on a later date, which gives reasonable assurance against another continuance. See, *State v. Aspinwall,* 173 Kan. 699, 252 P. 2d 841, Syl. ¶ 1. See, also, Note 108 U. Pa. L. Rev. 414, 415, f. n. 5 (1960). However, that is not the case here.

Moreover, the American Bar Association's Standards for Criminal Justice, Approved Draft, 1968, relating to speedy trial recognize the exigencies of court delay and the necessity for a continuance on behalf of the state because of the unavailability of evidence material to the state's case under circumstances where the state has exercised due diligence to obtain the evidence. See section 2, 3, Excluded periods, and the Commentaries which follow. (pp. 25-29.)

Turning to the appellant's contention that his right to a speedy trial as guaranteed by the Sixth Amendment to the Constitution of the United States and Section 10 of the Bill of Rights of the Constitution of Kansas, has been denied, it must be recognized that K. S. A. 1971 Supp. 22-3402 (2) supplements and implements Section 10 of the Bill of Rights and constitutes a legislative definition of what is, under the circumstances, a reasonable time to bring an accused to trial. (*State v. Hess,* 180 Kan. 472, 304 P. 2d 474; *State v. Goetz,* 187 Kan. 117, 353 P. 2d 816; *State v. Williams,* 187 Kan. 629, 360 P. 2d 11; *Brimer v. State,* 195 Kan. 107, 402 P. 2d 789.) It necessarily follows that if this court cannot conclude there has been a delay in bringing the appellant to trial within the context of the statute (K. S. A. 22-3402 [2]), it likewise follows that it cannot conclude the constitutional right to a speedy trial as guaranteed by the Sixth Amendment and Section 10 of the Bill of Rights has been violated. We hold the appellant was provided a speedy trial within

the intent and purpose of K. S. A. 1971 Supp. 22-3402 (2), and there has been no violation of his constitutional guaranty to a speedy trial.

This court is of the opinion the appellant is not entitled to the relief he now seeks. A liberal construction of the Code of Criminal Procedure does not provide relief under the facts and circumstances of this case.

The judgment is affirmed.