No. 46,958

THE STATE OF KANSAS, *Appellee*, v. EDWARD E. WELCH, *Appellant.*

(509 P. 2d 1125)

Opinion filed May 12, 1973.

*G. Knute Fraser*, of Wichita, argued the cause, and was on the brief for the appellant.

*Reece C. Jones*, Deputy District Attorney, argued the cause, and *Vern Miller*, Attorney General, *Keith Sanborn*, District Attorney, and *Stephen M. Joseph*, of Wichita, were on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in a criminal case in which the defendant-appellant Edward E. Welch was convicted of burglary and larceny. The single issue on this appeal is whether the defendant was afforded a speedy trial as guaranteed by Section 10 of the Bill of Rights of the Kansas Constitution and as implemented by K. S. A. 1971 Supp. 22-3402. (*State v. Davis*, 209 Kan. 225, 495 P. 2d 965.) A determination of this appeal requires the application of K. S. A. 1971 Supp. 22-3402, to the peculiar facts and circumstances presented here.

K. S. A. 1971 Supp. 22-3402 provides in part as follows:

". . . (1) If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within ninety days after his arraignment on the charge, he shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3).

"(2) If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, he shall be entitled to be discharged from further liability to be

tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3).

"(3) The time for trial may be extended beyond the limitations of subsections (1) and (2) of this section for any of the following reasons:

"(a) The defendant is incompetent to stand trial;

"(b) A proceeding to determine the defendant's competency to stand trial is pending and a determination thereof may not be completed within the time limitations fixed for trial by this section;

"(c) There is material evidence which is unavailable; that reasonable efforts have been made to procure such evidence; and that there are reasonable grounds to believe that such evidence can be obtained and trial commenced within the next succeeding ninety days. Not more than one continuance may be granted the state on this ground, unless for good cause shown, where the original continuance was for less than ninety days, and the trial is commenced within one hundred twenty days from the original trial date;

"(d) Because of other cases pending for trial, the court does not have sufficient time to commence the trial of the case within the time fixed for trial by this section. Not more than one continuance of not more than thirty days may be ordered upon this ground."

The record here discloses a well-documented calendar of the events which occurred in this case from the time the prosecution was commenced until the defendant Welch was convicted by a jury on May 26, 1971. The factual situation is undisputed and is essentially as follows: On August 25, 1970, the Court of Common Pleas of Sedgwick County bound over the defendant Welch for trial in the district court on three counts of burglary and larceny. On August 27, 1970, the state filed an information in the district court charging three counts of burglary and larceny. On September 9, 1970, Welch appeared before Judge Howard C. Kline for arraignment. Jack Turner, counsel previously appointed by the Court of Common Pleas, appeared for Welch and was reappointed by the district court. Defendant waived formal arraignment and the case was set for trial on October 19, 1970. It should be observed at this point that Welch's arraignment on September 9, 1970, brought into play the provisions of K. S. A. 1971 Supp. 22-3402 and placed upon the state the burden of bringing Welch to trial within the time limitations provided by that statute. Welch was in jail on September 9, 1970, when he appeared for arraignment and was released on bond on October 2, 1970.

On October 19, 1970, the defendant appeared with counsel and moved the court to continue the trial date. It is important to note that at this time the state called the court's attention to the fact that one of its witnesses, Mrs. Marley C. Hedges a resident of

Phoenix, Arizona, was pregnant and that her condition might complicate her availability for trial in the future. After some discussion the court reset the case for trial on November 16, 1970, at the request of the defendant.

On November 16, 1970, the state appeared ready for trial. Neither the defendant nor his counsel appeared. A bond forfeiture was declared and an alias warrant was issued. On February 2, 1971, Welch was arrested on the alias warrant and was brought before Judge Kline the next day, February 3, 1971. At that time the state reviewed the procedural facts of the case and stated that defendant Welch did not appear on November 16, 1970, for trial because he allegedly was in the hospital, that defendant failed to appear after his discharge from the hospital, and that defendant's bondsman thereafter placed the defendant in custody. Judge Kline set aside the bond forfeiture and ordered defendant's trial set for March 1, 1971. The judge advised the state to so inform Jack Turner, defendant's counsel. On March 1, 1971, defendant and Turner appeared before Judge Tom Raum. Turner asked leave to withdraw as defendant's counsel due to a schedule conflict. It appeared that another case had been filed against defendant Welch which was then pending in the Court of Common Pleas. Jim Foster had been appointed to represent defendant in that case. Judge Raum permitted Turner to withdraw as counsel and immediately appointed Jim Foster to represent Welch in this case. Judge Raum continued the case to allow new counsel time to confer with the defendant.

On March 29, 1971, the case was called for trial. Because of her pregnancy Mrs. Marley C. Hedges could not travel from her home in Phoenix, and hence was unavailable for trial. There is nothing in the record to indicate any dispute about her physical condition. The state informed the court that Mrs. Hedges was an essential witness since she was the sole occupant of the motel room which was burglarized and only she could testify as to the loss of the property. The defendant objected to the continuance contending that the time limit for trial under K. S. A. 1971 Supp. 22-3402 would be exceeded. Defendant then moved the court to discharge the defendant under K. S. A. 1971 Supp. 22-3402, which motion was denied. The court continued the trial to April 26, 1971, due to the fact that a material state witness was unavailable. On March 30, 1971, the defendant who had been in custody since February 2, 1971, was released on bond.

On April 26, 1971, the parties appeared and the state again an-

nounced the unavailability of Mrs. Hedges. Her long-awaited baby had not yet arrived and her doctor again would not permit her to come to Wichita because of her physical condition. The state requested a month's continuance. The case was reset for trial on May 24, 1971, due once again to unavailability of a material witness, Mrs. Hedges.

On May 24, 1971, the case was called for trial. Counsel for defendant moved the court to discharge the defendant on the grounds he had been denied a speedy trial under K. S. A. 1971 Supp. 22-3402. Judge Kline denied the motion. Judge Noone declined entertaining the motion again because it had been denied by Judge Kline. Defendant was tried before a jury. The jury returned a verdict of guilty on count one—burglary and larceny; not guilty on count two; and guilty of larceny and not guilty of burglary on count three. The defendant does not complain of any trial errors or the sufficiency of the evidence to sustain the verdict of guilty on counts one and three. Defendant appeals only from the denial of his motion for discharge under K. S. A. 1971 Supp. 22-3402 and from the trial court's judgment of conviction and sentence.

The record discloses that following his arraignment on September 9, 1970, the defendant was incarcerated in jail until October 2, 1970, when he was released on bond, a period of 13 days. He was also in jail during the period from February 2, 1971, when he was arrested on the alias warrant after the bond forfeiture, until his release on bond on March 30, 1971. This was a period of 56 days making a total time spent in jail 79 days. It is also undisputed in the record that the defendant was out on bond from October 2, 1970, until November 16, 1970, when he failed to appear for trial and his bond was forfeited. This is a period of 45 days. In addition the defendant was out on bond from March 30, 1971, until the time trial commenced on May 24, 1971, a period of 55 days. The total period the defendant was out on bond between arraignment on September 9, 1970, and the date trial commenced on May 24, 1971, was a total of 100 days. During the remaining days between arraignment and trial the defendant was a fugitive from the date of the bond forfeiture, November 16, 1970, until he was arrested on the alias warrant on February 2, 1971. This was a period of 78 days.

The defendant points out that 22-3402 covers only situations where the defendant is either in jail or on bond and does not cover cases

where the defendant awaiting trial spends part of his time in jail and part on bond. He contends that this court should apply a formula based upon an allowance of two days for all time spent in custody and one day for all time spent on bond. The problem is how to apply 22-3402 to a combination of time spent in custody and time spent on bond. We believe and find that it was the intention of the legislature that an unexcused trial delay of 180 days establishes the outside limit during which time the state must bring the defendant to trial in any event. Time spent in jail after arraignment must exceed the 90-day statutory period before a person charged with crime is entitled to discharge. We consider this interpretation reasonable when the provisions of 22-3402 are considered as a unified whole.

The statute is also silent on situations where the defendant fails to appear for trial and a bond forfeiture is ordered along with the issuance of an alias warrant. Obviously the defendant is neither in jail nor on bond during the period he is a fugitive. A problem arises where the defendant is subsequently arrested on the alias warrant and there is a delay in rescheduling the case for trial. The test to be applied is whether the subsequent delay was the result of the application or fault of the defendant following rearrest on an alias warrant. The state should be allowed a reasonable time to have the trial court reschedule the case for trial. This period should be considered as the fault of the defendant. After the expiration of a reasonable time further delay should be considered to be the fault of the state. Each case, of necessity, must be determined on its own facts and a more specific rule is not possible in view of the broad language of the statute.

As pointed out in the beginning the question for us to determine is whether under the factual circumstances here the defendant is entitled to be discharged under the provisions of 22-3402. Here a total of 257 days elapsed between defendant's arraignment and the commencement of the trial. The record discloses that there were three excusable delays which were the result of the fault or application of the defendant. First, on October 19, 1970, when the case was first set for trial, the defendant was granted a continuance until November 16, 1970. Since the defendant applied for the continuance this period of 28 days from October 19 to November 16 is properly charged to the defendant and is excluded from the computation under 22-3402.

Second, on November 16, 1970, the case was called for trial and

the defendant failed to appear. Defendant's bond was forfeited and an alias warrant was issued. Defendant was arrested on that warrant on February 2, 1971. He was brought before the court on February 3, 1971. The trial court charged a period of delay of 79 days against the defendant. In so ruling the court was somewhat generous toward the defendant since the defendant could also have been held responsible for the period from the time of his arrest on the alias warrant until the expiration of a reasonable time for the state to reschedule the case for trial.

The third excusable delay occurred on March 1, 1971, when the case was called for trial and defendant's counsel requested leave to withdraw. At that time new counsel was appointed and time was allowed for him to confer with defendant and prepare for trial. The case was reset for trial on March 29, 1971. The trial court properly considered this period of 28 days defendant's fault and that period was properly excluded from the computation of trial delay under sections (1) and (2) of 22-3402.

The fourth and fifth delays totaling 56 days were the result of continuances ordered by the court under subsection (3) of the statute. The case was called for trial on March 29 and April 26, 1971. On both occasions the state applied for and was granted a continuance because the pregnancy of a material witness, Mrs. Marley C. Hedges, made her unavailable for trial. The defendant does not suggest that the state failed to exercise reasonable diligence or that the continuances were not properly granted to the state by the court. The fact that the defendant was subsequently acquitted on count 2 of the information charging burglary and larceny of property from Mrs. Hedges' motel room did not render these extensions impermissible. Obviously Mrs. Hedges' testimony was critical to the state in presenting its evidence under count two. It should be noted in passing that the second continuance was entirely proper since the first was less than 90 days and the trial commenced within 120 days from March 29, 1971, the trial date on which the first continuance was granted.

As pointed out heretofore the total period of time between arraignment and trial was 257 days. Of this period a delay of 135 days was the result of the application or fault of the defendant. 56 days were permissible extensions of time granted to the state under the provisions of K. S. A. 1971 Supp. 22-3402 (3) (c) making a total delay of 191 days which is not to be counted against the

state. The remaining 66 days of trial delay between arraignment and trial were clearly within the permissible limits set forth in K. S. A. 1971 Supp. 22-3402. It follows that the trial court properly denied the defendant's motion for discharge.

The judgment is affirmed.