No. 47,119

STATE OF KANSAS, *Appellee*, v. DAVID ALLEN PETRIN, *Appellant*.

(515 P. 2d 748)

Opinion filed November 3, 1973.

*Lawrence G. Zukel*, of Kansas City, argued the cause and was on the brief for the appellant.

*Nick Tomasic*, district attorney, argued the cause and *Vern Miller*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

FOTH, C.: David Allen Petrin was convicted of voluntary manslaughter. His trial commenced 94 days after his arraignment, and on this appeal the only question he raises is whether he was brought to trial within the time prescribed by statute.

The homicide on which the prosecution was based occurred on December 26, 1971, and the appellant was arrested the next day. He was unable to make bond and was incarcerated in the Wyandotte county jail from that date through his preliminary hearing, arraignment and trial. The applicable limitation is therefore found in subsection (1) of K. S. A. 1972 Supp. 22-3402, requiring that persons in his plight be brought to trial within 90 days of arraignment, unless a continuance is ordered by the court under subsection (3). See, *State v. McCollum*, 211 Kan. 631, 507 P. 2d 196, Syl. ¶ 1. (There is no suggestion that any delay was the result of appellant's "application or fault," another statutory justification for exceeding the 90 day limit.)

Appellant was arraigned on February 18, 1972; the 90 days was therefore up on May 18, 1972. On May 3 the trial court took up a

number of motions in appellant's case, including one by the state for a continuance. This motion was overruled and the case was set for trial "next week," at such time as one of the judges could work it into his docket.

The following Monday, May 8, the case was called for trial. The court was ready, with a jury, and so was the defense. The state, however, moved for a continuance. The reason given was that the star witness for the prosecution—one Steven Owens, a companion of the appellant before, during and after the homicide—had undergone an emergency appendectomy the previous day. Testimony in support of the motion indicated that the witness Owens would probably be released from the hospital the following Thursday.

On this showing, over the strenuous objection of appellant's counsel, the court set a new trial date of May 22nd. As to the defendant's objection the court said:

"THE COURT: Well, I don't think that your objection to the continuance is valid. The trial would have commenced this morning but for the unfortunate occurrence to Mr. Owens. This isn't just a case of somebody being not ready for trial, it isn't a case of neglect or dilatoriness. The trial was to start this morning and suddenly, Mr. Owens, who is a necessary witness—an all-important witness, apparently—is in the hospital."

When defense counsel observed that the prosecution had intended to ask for a continuance even before it learned of Owens' unavailability, the court went on to say:

"THE COURT: Well, if he hadn't been in the hospital, the Court might very well have overruled that motion and insisted that the trial go today, because I'm ready and we have a jury, and it would be lots safer to try the case today than to grant a continuance, and I would have no difficulty in saying no to the County Attorney. But I think in this particular case, and under these circumstances, he is entitled to this continuance, so the case is continued for a thirty-day period, which is the period specified by the statute when the trial is reset, to start on the morning of May 22nd.

"[DEFENSE COUNSEL]: Is that thirty days or is that May 22nd definite?

"THE COURT: I am giving them a thirty-day continuance, which I think they are entitled to, but the trial is rescheduled for the 22nd day of May, which is just four days past the deadline. Under the circumstances of Mr. Owens' appendectomy and everything, it's a very reasonable request and it is granted, and trial is to commence that morning.

"The reason for the thirty days is that this is not the only emergency that can happen; there can be other emergencies that can happen. But the trial is set for the 22nd and I expect it to go that morning, absent some showing of another emergency somewhat of the same import as this one this morning."

The defense persisted in its objection, and requested a trial

during the week of May 15. It was pointed out by the prosecution that the annual meeting of the state bar association would be held in Wichita starting on Wednesday of that week, and that all judges of the district were under summons by this court to attend the district judges' meeting to be held at the same time. The court's response was:

"THE COURT: Well, the question of trying it on the 22nd, when we have a jury called, we have a Judge available, or trying it on the 15th, when some Judge would have to miss the Judges' meeting and the state convention, and calling a special jury, I don't think that the seven days is going to make that much difference. Now, with all due respect to you, Mr. Zukel, I'm going to turn you down on your request. Your request is denied, Mr. Zukel."

On the 22nd the trial commenced as scheduled, but not until after appellant's motion for discharge was heard and overruled. All the foregoing was presented to trial judge—who was a different judge from the one who had entered the previous orders—by way of the deputy county attorney's testimony and the court reporter's notes of the previous hearing. The motion to discharge was overruled, the trial commenced, and appellant was convicted.

The trial court and the state justified the continuance under that part of K. S. A. 1972 Supp. 22-3402 which provides:

"(3) The time for trial may be extended beyond the limitations of subsections (1) and (2) of this section for any of the following reasons:

. . . . . . . . . . . . . .
. . . . . . . . . . . . . .

"(c) There is material evidence which is unavailable; that reasonable efforts have been made to procure such evidence; and that there are reasonable grounds to believe that such evidence can be obtained and trial commenced within the next succeeding ninety days. Not more than one continuance may be granted the state on this ground, unless for good cause shown, where the original continuance was for less than ninety days, and the trial is commenced within one hundred twenty days from the original trial date; . . ."

We think their position is entirely sound. The testimony of the stricken Owens was concededly "material evidence which [was] unavailable" on May 8, the day the case was first set for trial. There were also "reasonable grounds to believe that such evidence [could] be obtained and trial commenced within the next succeeding ninety days." Thus the situation fell squarely within the literal terms of the statute, and the "time for trial [could] be extended beyond the limitations" otherwise applicable. The fact that the prosecution may have wanted a continuance for other reasons as

well is wholly irrelevant, and whether one would have been granted for other reasons is problematical.

The question is whether, in granting the continuance, the trial court was required to reset the trial during the ten days remaining of the original ninety. Since the statute does not require it, we think whether it should have been done was a question for the trial court's discretion.

The court took into account the impending judge's meeting called by this court and the fact that Owens might not be in condition to testify as soon as was anticipated. We think both considerations were proper ingredients of the trial court's decision. As to the first, compare *State v. McCollum,* supra, where the judicial conference was imminent; as to the second, see *State v. Welch,* 212 Kan. 180, 509 P. 2d 1125, where a pregnant witness had not delivered when expected, and the state was required to ask for a second postponement.

In summary, the trial court was authorized by statute to grant the continuance. The choice was the one week appellant demanded, or the two actually allowed. The former would have required (1) a judge to rearrange his schedule and to seek dispensation from this court's order, (2) a crash program to select and summon a special jury panel and (3) a gamble on Owens' rate of recovery. With these drawbacks attached to a one week continuance, we cannot say that granting two was an abuse of discretion.

The judgment is affirmed.

APPROVED BY THE COURT.