No. 102,471

STATE OF KANSAS, *Appellee*, v. RUSTY SIEVERS, *Appellant*.

(323 P.3d 170)

Opinion filed May 2, 2014.

*Michelle A. Davis*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Douglas A. Matthews*, county attorney, argued the cause, and *Carey L. Fleske*, assistant county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: Rusty Sievers contends the district court and Court of Appeals both erred in refusing to dismiss the charges against him for violation of his statutory right to a speedy criminal trial.

Finding no violation, we affirm.

## Facts and Procedural History

The State charged Sievers with a variety of offenses stemming from police attempts to approach him while his SUV was stopped at an intersection.

Sievers entered his first appearance, and the district court set an appearance bond, which was "conditioned upon the appearance of defendant before [the] Court when ordered." Ultimately Sievers posted bond and the court held a preliminary hearing, concluding probable cause existed to believe he committed the crimes charged. At Sievers' June 13 arraignment, the court set a pretrial hearing for August 22 and a jury trial for September 30.

Sievers failed to attend the August 22 pretrial hearing. There his attorney advised she had not spoken with him since his June 13 arraignment. And a court services officer advised Sievers had stopped reporting to her. On August 26, the State filed its bond forfeiture motion and the court issued a bench warrant for Sievers' arrest.

On September 9, Sievers' counsel moved to withdraw her representation or, in the alternative, to continue the September 30 trial. On September 12, she advised she had been unable to contact him and noted the impossibility of preparing for the upcoming trial without him. The court deferred ruling until either Sievers was arrested or September 26, the date of the next hearing.

On September 25, Sievers surrendered to law enforcement, and the next day his bond was formally revoked. His counsel withdrew her motion but again requested the September 30 jury trial be continued. The court granted a continuance and reset the pretrial hearing for October 10.

At the October 10 hearing, Sievers' counsel successfully withdrew due to a previously undiscovered conflict of interest, and the court appointed new counsel. Because that counsel needed time to prepare, the court again rescheduled but no formal continuance was requested or granted. Ultimately, the court reset the jury trial for January 27, 2009.

A week before trial, defense counsel moved to dismiss based upon violation of Sievers' statutory right to a speedy trial. In de-

nying the motion, the court emphasized most of the delay had been caused by Sievers' absconding and his counsel's requests for trial continuances.

On January 27, the trial began. The jury convicted Sievers of fleeing or attempting to elude a law enforcement officer by driving recklessly, driving with a suspended license, reckless driving, leaving the scene of an accident, and failing to report an accident. But it acquitted him of felony aggravated assault on a law enforcement officer.

Sievers appealed, and the Court of Appeals reversed his reckless driving conviction as multiplicitous. But it rejected his claim of a speedy trial violation. See *State v. Sievers*, No. 102,471, 2010 WL 4977153 (Kan. App. 2010) (unpublished opinion).

We granted Sievers' petition for review to address his argument that the four remaining convictions should be reversed because both lower courts improperly rejected his speedy trial argument. Our jurisdiction is proper under K.S.A. 60-2101(b).

### ANALYSIS

Issue: *The State did not violate Sievers' statutory right to a speedy trial.*

*Standard of review and general principles governing statutory speedy trial issues*

Whether the State violated a defendant's statutory right to a speedy trial is a question of law subject to de novo review. *State v. Thomas*, 291 Kan. 676, 692, 246 P.3d 678 (2011) (citing *State v. Mitchell*, 285 Kan. 1070, 1080, 179 P.3d 394 [2008]). To the extent Sievers' appeal requires interpretation of K.S.A. 22-3402, this court exercises unlimited review. *State v. Berreth*, 294 Kan. 98, 109, 273 P.3d 752 (2012).

The speedy trial clock is triggered at arraignment. See *Thomas*, 291 Kan. at 692, 694 (days between arraignment and next event were assessed against the State); *State v. Vaughn*, 288 Kan. 140, 146, 200 P.3d 446 (2009) (same). And the State alone is responsible for bringing the accused to trial within the statutory time limitation. *State v. Breedlove*, 295 Kan. 481, 486, 286 P.3d 1123 (2012). The accused has no obligation to take affirmative action to protect his

or her statutory speedy trial right. 295 Kan. at 486; *Vaughn,* 288 Kan. at 144.

*Discussion*

During the pretrial proceedings in this case, the statute creating a person's right to a speedy trial read in relevant part:

"(2) If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court . . . .

. . . .

"(4) After any trial date has been set within the time limitation prescribed by subsection . . . (2), if the defendant fails to appear for the trial or any pretrial hearing, and a bench warrant is ordered, the trial shall be rescheduled within 90 days after the defendant has been surrendered on such warrant. However, if the defendant was subject to the 180-day deadline prescribed by subsection (2) and more than 90 days of the original time limitation remain, then the original time limitation remains in effect." K.S.A. 22-3402 (Torrence 2007).

Because Sievers was released on an appearance bond, the State initially had 180 days from arraignment to bring him to trial per K.S.A. 22-3402(2) or else suffer his release from liability for his charges. The State concedes, and we agree, that the first 70 days between Sievers' June 13 arraignment and his failure to appear at the August 22 pretrial hearing are attributable to the State. So as of August 22, the State had 110 days remaining to bring him to trial. But the parties disagree on which of them is to be charged for the 35 days from August 22 through September 25, a decision which is determinative of the speedy trial issue.

Sievers argues that his failure to attend the August 22 hearing did not stop the 180-day speedy trial clock from running against the State. Rather, the State's clock stopped only when there was actual delay: when the district court officially granted defense counsel's continuance on September 26. So he argues that when he surrendered on September 25, only 76 days remained. Given his failure to appear and the issuance of a bench warrant, Sievers concedes K.S.A. 22-3402(4) seems to apply, and under that subsection and these circumstances the State had only 90 days re-

maining to bring him to trial. See K.S.A. 22-3402(4) (after defendant has been surrendered on the bench warrant, "the trial shall be rescheduled within 90 days"). And he contends the State's failure to do so—by December 25—requires he be discharged from all liability for all charges.

The State responds that, as a practical matter, the trial was delayed by Sievers' failure to attend the August 22 hearing and to communicate with his attorney, which made it impossible for counsel to prepare for trial. It reasons that its clock stopped then and did not resume until September 25 when he had surrendered on the warrant. Accordingly, it calculates 110 days remained from that date forward, which meant it still had that amount of time in which to bring Sievers to trial. See K.S.A. 22-3402(4) (if "more than 90 days of the original time limitation remain, then the original time limitation remains in effect").

The best and only safe rule for ascertaining the intention of the makers of any written law is to abide by the language they have used. See *Gannon v. State*, 298 Kan. 1107, 1142, 319 P.3d 1196 (2014) (citing *Wright v. Noell*, 16 Kan. 601, 607, 1876 WL 1081 [1876]). Neither K.S.A. 22-3402(2) nor (4) explicitly states the initial speedy trial clock is tolled for determining whether 90 days of the original time limitation should remain after a defendant fails to appear at a pretrial hearing. But subsection (2) does provide:

"If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, *unless the delay shall happen as a result of the application or fault of the defendant* . . . ." (Emphasis added.) K.S.A. 22-3402(2).

We have interpreted this language to mean that a delay on the application or fault of the defendant does stop the speedy trial clock from running against the State. See, *e.g.*, *City of Dodge City v. Downing*, 257 Kan. 561, 563, 894 P.2d 206 (1995) (reasonable time to process defendant's motion to suppress is charged to defendant); *State v. Prewett*, 246 Kan. 39, 42, 785 P.2d 956 (1990) (same for time to process and conduct defendant's requested competency evaluation).

We considered facts similar to the instant case in *State v. Welch*, 212 Kan. 180, 184, 509 P.2d 1125 (1973). There the defendant was released on pretrial bond. When he failed to appear at trial, the district court issued an alias warrant, *i.e.*, a bench warrant, for his arrest. He was arrested 79 days later. Welch alleged his statutory right to a speedy trial was violated because 257 days elapsed between his arraignment and eventual trial, including the 79 days between his failure to appear at trial and his arrest.

Consistent with the language of K.S.A. 22-3402(2), this court concluded that the ultimate test for whether the speedy trial clock stopped running against the State was whether the 79 days were a result of Welch's application or fault. The court determined that it was his fault, held the speedy trial clock stopped running against the State for that time, and attributed the disputed 79 days to him.

Here, on August 22 Sievers' counsel notified the court that he had failed to keep in touch with her since the June 13 arraignment. As of that date, the court and the State could not have known whether Sievers would be apprehended in time for his counsel's trial preparation and for the trial itself. And counsel's September efforts to withdraw her representation or to continue the jury trial because she had been unable to contact him made clear it was virtually impossible for her to prepare his defense on multiple charges, a fact Sievers does not dispute. Indeed, he did not surface until September 25 when he surrendered under the warrant to law enforcement.

We readily conclude the proceedings were delayed as "a result of the . . . fault of the defendant." See K.S.A. 22-3402(2). So the 35 days from the August 22 pretrial hearing through Sievers' September 25 surrender are properly charged to him, not the State.

Accordingly, we agree with the State that, as of September 25, 110 days remained to bring Sievers to trial. Additionally, his counsel requested a 14-day continuance from September 26 to October 10, which is not chargeable to the State. See *Vaughn*, 288 Kan. at 144 (defense continuances toll the statutory speedy trial clock). So before the State would violate his statutory speedy trial rights it had to bring him to trial within 110 days after October 10: January 28. Because trial began on January 27, no violation occurred. See

*State v. Bierman*, 248 Kan. 80, 89, 805 P.2d 25 (1991) (defendant is brought to trial for speedy trial purposes when the jury panel is sworn for voir dire examination).

Judgment of the Court of Appeals affirming the district court on the issue subject to our review is affirmed. Judgment of the district court on that issue is affirmed.