NOT DESIGNATED FOR PUBLICATION

No. 117,134

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN B. KOOP,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed June 22, 2018. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., GREEN and MCANANY, JJ.

PER CURIAM: John B. Koop appeals his conviction and sentence for attempted second-degree murder. The parties are well acquainted with the events that led to this conviction so we need not recount them here. We move directly to Koop's three claims of error: (1) this charge should have been dismissed because the State violated his right to a speedy trial; (2) he should get a new trial because the district court erred in instructing the jury; and (3) his sentence should be set aside because the district court violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 477, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

1

*Speedy Trial*

Koop's first claim relates to his right to a speedy trial under our Kansas statute and under the United States Constitution and the Kansas Constitution. The Kansas statute on this issue is K.S.A. 2017 Supp. 22-3402(a), which provides:

> "If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within 150 days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant or a continuance shall be ordered by the court under subsection (e)."

The Sixth Amendment to the United States Constitution provides, in part, as follows: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed."

Similarly, Section 10 of the Kansas Constitution Bill of Rights provides, in part, as follows: "In all prosecutions the accused shall be allowed . . . a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

Koop raised this issue with respect to the Kansas statute before the district court, and the district court denied relief. But he did not raise the issue of his speedy trial rights under the Kansas and United States Constitutions until this appeal. Ordinarily we do not consider claims not raised before the district court which are raised for the first time on appeal. *Gannon v. State*, 303 Kan. 682, 733, 368 P.3d 1024 (2016). But we make an exception when considering an issue is necessary to serve the ends of justice or to prevent a denial of fundamental rights. *State v. Jones*, 302 Kan. 111, 117, 351 P.3d 1228 (2015).

2

The right to a speedy trial is a fundamental right and there is no dispute over the essential facts regarding this claim, so we will consider it.

Given the undisputed facts surrounding this issue, whether Koop's statutory or constitutional speedy trial rights were violated is a matter of law over which we have unlimited review. *State v. Brownlee*, 302 Kan. 491, 506, 354 P.3d 525 (2015); *State v. Hayden*, 281 Kan. 112, 126-27, 130 P.3d 24 (2006).

*Statutory Right to a Speedy Trial*

Koop argues that his statutory speedy trial right was violated when his lawyer obtained continuances of the trial contrary to Koop's wishes and without Koop being present in court when the continuances were obtained. Koop relies on *State v. Dupree*, 304 Kan. 43, 49-50, 371 P.3d 862, *cert. denied* 137 S. Ct. 310 (2016), for the proposition that as a criminal defendant he had the right to be present at the hearings for the various trial continuances his lawyer obtained contrary to Koop's express wishes, and that any delay in the trial caused by defense counsel's actions in obtaining such continuances without Koop's presence cannot be attributed to him in determining who was responsible for the trial delays. But K.S.A. 2017 Supp. 22-3402(g) provides in pertinent part:

> "If a delay is initially attributed to the defendant, but is subsequently charged to the state for any reason, such delay shall not be considered against the state under subsections (a), (b) or (c) and shall not be used as a ground for dismissing a case or for reversing a conviction unless not considering such delay would result in a violation of the constitutional right to a speedy trial or there is prosecutorial misconduct related to such delay."

In *Dupree*, our Supreme Court determined that under this statute, unless the trial delay is caused by prosecutorial misconduct or results in a constitutional speedy trial violation, a defendant is not entitled to a dismissal for violation of the defendant's

3

statutory speedy trial right if the trial delay is charged to the State because the defendant was not present at the continuance hearing. 304 Kan. at 50-51.

Here, the State caused the case to be continued for a total of 96 days, which is within the 150-day statutory period for providing a defendant a speedy trial. Koop cannot charge the State with the delays caused by the continuances obtained by his lawyer without Koop being present. There is no claim that any delay was caused by "prosecutorial misconduct." This leaves only the possibility of an unconstitutional delay which would provide Koop a basis for relief under the statute. We will take up the constitutional issue next.

*Constitutional Violation of Right to Speedy Trial*

Koop argues that the delay in his trial caused him to be unnecessarily confined for a period that is presumptively prejudicial and that this period of delay actually prejudiced him.

The constitutional right to a speedy trial, as guaranteed by the Sixth Amendment to the United States Constitution and § 10 of the Kansas Constitution Bill of Rights, attaches, and the time begins to run, when the defendant is arrested or when the defendant is formally charged, whichever happens first. *State v. Rivera*, 277 Kan. 109, 112, 83 P.3d 169 (2004).

In determining whether a defendant's constitutional right to a speedy trial has been violated, our Supreme Court has determined that the court looks at the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972): (1) the length of the delay, (2) the reason(s) for the delay, (3) the defendant's assertion of the speedy trial right, and (4) prejudice to the defendant. *State v. Bloom*, 273 Kan. 291, 310, 44 P.3d 305 (2002). While no single factor is controlling, it is important to note that

"[i]f the length of the delay is not presumptively prejudicial, the court need not consider the other factors of the test." 273 Kan. at 310-11.

There is no set duration for a delay to be considered presumptively prejudicial; a presumptively prejudicial delay depends on the circumstances of each case. See *Barker*, 407 U.S. at 530. Here is a sampling of the range of time periods considered for speedy trial purposes in various types of cases:

In *Barker* a five-year delay in a murder trial was found to be presumptively prejudicial. In *State v. Weaver*, 276 Kan. 504, 510-11, 78 P.3d 397 (2003), a 15-month delay was presumptively prejudicial when the defendant was charged with possession of cocaine with intent to sell. But in *State v. Davis*, 277 Kan. 309, 335-36, 85 P.3d 1164 (2004), a 15-month delay was not presumptively prejudicial in a case involving charges of aggravated kidnapping and attempted rape. In *State v. Gross*, 245 Kan. 189, 193, 777 P.2d 781 (1989), a delay of a little over one year in a murder case was not presumptively prejudicial. But in *State v. Hunt*, 8 Kan. App. 2d 162, 167-68, 651 P.2d 967 (1982), a one-year trial delay on charges of illegal possession of a weapon was presumptively prejudicial.

Here, the total time between Koop's arrest and his trial was approximately 16 months. Seven months of that period were attributable to delays caused by the State. Koop, through his counsel, caused his trial to be delayed from August 10, 2015, through February 11, 2016. The trial was further delayed for a competency determination from February 11, 2016, through May 2, 2016. The trail was delayed from May 2, 2016, through June 27, 2016, because defense counsel's mother had passed away. Finally, the State caused Koop's trial to be delayed from June 27, 2016, through August 29, 2016.

Using *Davis* as an apt comparison, the 16-month period of delay was not presumptively prejudicial. Koop's trial involved the testimony of two police officers and

the victim and it lasted approximately two days, much like in *Davis* where the trial lasted only one day and the testimony consisted of two officers, the victim, and one eyewitness. Much like *Davis*, a portion of the delay was caused by a competency evaluation, and a large portion of the remaining delay was caused by defendant's requests for continuances.

We conclude that the delay in Koop's trial was not presumptively prejudicial. Thus, we need not address the other *Barker* factors. As noted earlier, our Supreme Court determined in *Bloom*, 273 Kan. at 310, that the court need not consider the other *Barker* factors if the length of the trial delay is not presumptively prejudicial. Koop's constitutional speedy trial rights were not violated. With this finding, the exception in K.S.A. 2017 Supp. 22-3402(g) does not apply, and there was no statutory speedy trial violation.

*Jury Instructions*

Koop claims the district court erred in failing to give a voluntary intoxication instruction to the jury, thereby denying him the right to present a full and complete defense.

"When analyzing jury instruction issues, we follow a three-step process:

"'(1) determining whether the appellate court can or should review the issue, *i.e.*, whether there is a lack of appellate jurisdiction or a failure to preserve the issue for appeal; (2) considering the merits of the claim to determine whether error occurred below; and (3) assessing whether the error requires reversal, *i.e.*, whether the error can be deemed harmless.' [Citation omitted.]

"Our first and third steps are interrelated in that whether a party has preserved a jury instruction issue will affect our reversibility inquiry at the third step. [Citations omitted.]" *State v. Pfannenstiel*, 302 Kan. 747, 752, 357 P.3d 877 (2015).

6

"At the second step, we consider whether the instruction was legally and factually appropriate, employing an unlimited review of the entire record. [Citation omitted.] If the district court erred, and the error did not violate a constitutional right, 'the error is reversible only if [the court] determine[s] that there is a "reasonable probability that the error will or did affect the outcome of the trial in light of the entire record."' [Citations omitted.]" *State v. Louis*, 305 Kan. 453, 457-58, 384 P.3d 1 (2016).

"Generally, a criminal defendant is entitled to instructions on the law applicable to his or her theory of defense if there is sufficient evidence for a rational factfinder to find for the defendant on that theory. [Citation omitted.] If the defendant requested an instruction at trial, . . . the court must view the evidence in the light most favorable to the defendant . . . and can find the evidence sufficient even if a defendant's testimony was all that supported the defense." *Dupree*, 304 Kan. at 397.

Koop requested a voluntary intoxication instruction at trial, so the first step in the analysis has been met. We can consider the issue. Next, the instruction was legally appropriate. Voluntary intoxication can provide a defense to a specific intent crime. *State v. Kidd*, 293 Kan. 591, 594, 265 P.3d 1165 (2011); see K.S.A. 2017 Supp. 21-5205(b). Koop was convicted of attempted second-degree murder. Attempted second-degree murder is a specific intent crime. "[A]n attempt requires specific intent to commit the object crime." *Louis*, 305 Kan. at 461. Therefore, voluntary intoxication was a legally appropriate defense to attempted second-degree murder.

But the requested instruction must be factually appropriate as well. Koop claims that the evidence, viewed in the light favoring him, showed that he had consumed methamphetamine just before he attacked his victim, that he was paranoid and delusional, and that he could not have formed the specific intent to commit the crime of attempted second-degree murder. He contends his situation is close to that of the defendant in *State v. Moore*, 287 Kan. 121, 133-34, 194 P.3d 18 (2008), in which the court found the jury instruction for voluntary intoxication should have been given. In *Moore*, there was

7

circumstantial evidence to support the defendant's claim that he was intoxicated to the extent that his ability to form a specific intent was impaired. 287 Kan. at 134.

We do not infer that Koop was unable to form the necessary intent for attempted second-degree murder simply because of his consumption of drugs. See *State v. Hernandez*, 292 Kan. 598, 607, 257 P.3d 767 (2011). Instead, we examine all of the facts and circumstances to determine whether a reasonable juror, viewing the evidence in the light favoring Koop, could have found that Koop was intoxicated to the extent that his ability to form the requisite intent was impaired.

In *Hernandez*, in determining whether an instruction on voluntary intoxication was factually appropriate, the court placed a heavy emphasis on the defendant's ability to provide a detailed recollection of the events on the night of the offense. 292 Kan. at 607. Thus, in *State v. Hilt*, 299 Kan. 176, 192-93, 322 P.3d 367 (2014), the evidence was insufficient to support a voluntary intoxication instruction when the evidence showed that even though Hilt had consumed alcohol, he was aware of where he was and was able to direct a person to his location to pick him up. Further, he was able to walk into a store and make a purchase.

Here, the evidence showed that before the officer arrived at Koop's hotel room, Koop attempted to wash the blood off himself and off the bedding. He was coherent enough to understand what he had done and that he needed to hide evidence of the attack. Koop did not appear to be intoxicated at the time of his arrest and throughout the police interrogation. During the interrogation, Koop was lucid and calm. He was able to articulate specifically what had occurred in the hotel room and the specific details about the night. He recalled that he was at the Relaxed Inn in room number 24. He recalled that his victim wore a yellow shirt and blue jeans that night. He recalled the exact date that he and his victim began dating. He recalled the specific details about how many times he punched her, how he grabbed her throat, and how he tried to smother her with the pillow.

8

During the police interrogation, Koop was able to give a specific reason for wanting to kill his victim. He stated that he felt she was manipulating him, so he wanted her dead. By his own admission, Koop was able to form the specific intent to kill. The court did not err in denying Koop's request for a voluntary intoxication instruction.

*Koop's Rights Under* Apprendi v. New Jersey

For his final point, Koop claims the district court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution by increasing his sentence based on his criminal history without requiring the State to prove it beyond a reasonable doubt to a jury. He relies on the holding in *Apprendi*, 530 U.S. at 477. But our Supreme Court previously rejected this argument in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). We are duty bound to follow Supreme Court precedent absent an indication that the court is departing from its earlier position. See *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). We see no indication that our Supreme Court is departing from its holding in *Ivory*. Accordingly, this final claim fails.

Affirmed.